Argued and submitted May 29, affirmed July 8, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# DOUG ALLEN MARKHAM,
*Appellant.*

(91-07-33627; CA A72733)

836 P2d 1348

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Diane S. Lefkow, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

Defendant challenges the sentences imposed after he pleaded guilty to 3 counts of sexual abuse in the first degree. ORS 163.425. On each of the 2 counts that are subject to the guidelines, the court sentenced him to 16 months incarceration to be served consecutively and 36 months post-prison supervision. He contends that, under OAR 253-12-020, the court could order only one period of post-prison supervision, the length of which is determined by the primary offense. OAR 253-03-001(17).

OAR 253-05-005 requires that each judgment of conviction that includes a prison term state the length of incarceration *and also* the length of post-prison supervision. However, under OAR 253-12-020(3)(a), the post-prison supervision term of consecutive sentences is the presumptive post-prison supervision term for the primary offense. Accordingly, if the judgment for the primary offense correctly states the supervision term, there is nothing to correct. *See* OAR 253-12-040(1); *State v. Enos*, 114 Or App 208, 836 P2d 1347 (1992). What the other judgments recite as post-prison supervision terms is effectively irrelevant and at worst a technical error.[1]

Defendant also assigns error to the order requiring him to submit a mandatory blood sample for DNA profiling. Defendant did not object timely to the condition. His claim of error is not one apparent on the face of the record that we have the authority to review. *See Ailes v. Portland Meadows*, 312 Or 376, 823 P2d 956 (1991). Under ORS 137.076(2)(b), when a person has been convicted of sexual abuse, the court "shall include in the judgment of conviction an order stating that a blood sample is required to be drawn at the request of the appropriate agency * * *." Defendant's arguments as to why the court erred in applying that directive cannot be addressed to this court in the first instance.

Affirmed.

---

[1] The trial court did not expressly designate a "primary offense," but each offense is within the same guidelines grid block.