Argued and submitted May 29, affirmed July 8, reconsideration denied
September 23, petition for review denied November 24, 1992 (314 Or 728)

## STATE OF OREGON,
*Respondent,*

*v.*

## SHAWN DAVID ENOS,
*Appellant.*

(C90-09-35304; CA A69619)

836 P2d 1347

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor

General, and Diane S. Lefkow, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted on 4 counts of sodomy in the first degree. ORS 163.405. The sentencing court imposed a 56-month prison term on the primary offense and prison terms of 1 month each on the remaining 3 counts, all to be served consecutively. It then imposed a post-prison supervision term of 36 months on each count. The state agrees with defendant that, under OAR 253-12-020,[1] when an offender has been sentenced to multiple consecutive sentences, he may be required to serve only a single post-prison supervision term and that one is for the primary offense. *See also* OAR 253-12-040(1).

■■   Citing *State v. Tremillion*, 111 Or App 375, 826 P2d 95, *rev den* 313 Or 300 (1992), the state asserts that defendant will not suffer, because the effect of the single supervision term rule is to make surplusage the supervision terms in all the judgments other than the judgment on the primary offense. Moreover, it argues, the failure of the judgments to provide that the separate post-prison supervision terms are to be served concurrently has no effect, because any incarceration term will be served before the single period of post-prison supervision will begin. OAR 253-05-002(3). We agree.

Affirmed.

---

[1] OAR 253-12-020 provides, in part:

"(1) When the sentencing judge imposes multiple sentences consecutively, the consecutive sentences shall consist of an incarceration term and a supervision term.

"* * * * *

"(3) The supervision term of the consecutive sentences shall be:

"(a) The presumptive post-prison supervision term imposed for the primary offense if the sentence for any offense includes a prison term * * *."

*See Oregon Sentencing Guidelines Implementation Manual* 115 (1989).