Argued and submitted May 29, remanded for resentencing on conviction for carrying a dangerous weapon; otherwise affirmed July 22, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## MARCUS DEANGELO MILLER,
*Appellant.*

(91-03-31276; CA A71277)

835 P2d 131

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted of attempted murder with a firearm, ORS 163.115; assault in the fourth degree, ORS 163.160, a misdemeanor; carrying a dangerous weapon with intent to use, ORS 166.220; and 2 counts of recklessly endangering, a misdemeanor, ORS 163.195.

Defendant assigns error to the post-prison supervision term of 60 months imposed on the attempted murder conviction. The state agrees that the authorized term is only 36 months but notes that, 63 days after entry of the original judgment, the court entered an amended judgment correcting the sentencing error. ORS 138.083 gives a sentencing court authority for 60 days to modify a sentence to correct clerical errors, irrespective of the filing of a notice of appeal. The state has waived any objection to the trial court's acting late, and defendant concedes that the amendment is to his benefit. The issue is moot.[1]

The court sentenced defendant to serve consecutive sentences of a 40-month prison term for the attempted murder, two 90-day jail terms for the recklessly endangering and the assault convictions[2] and a 30-day *jail* term for the weapon conviction. Defendant argues that the court erred in requiring any jail incarceration after the 40-month prison term. He argues that all sentences should be served in prison, relying on OAR 253-12-020, which provides, in part:

"(2)(d)  If any sentence [included in consecutive sentences] includes a prison term, the entire incarceration term of the consecutive sentences shall be served in prison."

The guidelines rules do not apply to misdemeanor convictions. ORS 137.010; ORS 161.615. There was no error in requiring jail terms for the recklessly endangering and assault misdemeanors. The state also contends that there was no error in requiring the sentence for the weapons conviction to be served in jail. It argues that the evident

---

[1] The state did not assign error to the court's failure to impose a gun minimum sentence, ORS 161.610, and we do not address its position that the judgment "must be construed as suspending execution" of the 60-month sentence.

[2] A claim of error in providing that the sentence on 1 count of recklessly endangering be served in jail is academic, because that sentence will be served concurrently with the attempted murder sentence.

purpose of OAR 253-12-020(2)(d) is to enable a defendant to be incarcerated in a single facility to avoid the "disruptive effect of transporting him to different facilities in order to serve short sentences." We agree that the rule accomplishes that purpose. However, requiring that defendant's sentence on the weapons conviction comply with OAR 253-12-020(2)(d) does not run counter to that purpose.

■      The state views "consecutive sentences" as necessarily following in a particular sequence. However, other than to require that one sentence be the "primary offense," OAR 253-12-020(2)(a); OAR 253-03-001(17), the rule does not differentiate between consecutive sentences and does not require that "consecutive sentences" be served in any particular order. Defendant's incarceration term on the weapons conviction can be served after his term for attempted murder. The judgment imposing incarceration *in jail* is contrary to that requirement.[3]

Remanded for resentencing on conviction for carrying a dangerous weapon; otherwise affirmed.

---

[3] We reject the state's argument that the rule does not require the judgment to order the sentence to be served in prison because it is "more a directive to the Department of Corrections than to the sentencing court." The judgment imposes a jail term that is contrary to law.