Argued and submitted June 29, affirmed September 30, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# RICKY RAY FREELAND,
*Appellant.*

## (C91-04-31704; CA A71496)

838 P2d 642

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

■     Defendant was convicted of unauthorized use of a vehicle (UUV) and two counts of forgery. ORS 164.135; ORS 165.013. The sentencing court merged the forgery convictions and imposed dispositional departure sentences on the UUV conviction and the forgery convictions, to be served consecutively. On appeal, defendant argues that the court erred in placing the forgery convictions in grid block 3-F. He argues that, under OAR 253-12-020, the grid block should be 3-I.

■     There was no error. Under the sentencing guidelines, defendant's convictions come within grid blocks that have presumptive probationary sentences. The limitations on consecutive sentences under OAR 253-12-020 and OAR 253-08-007 do not apply to consecutive departure sentences that have presumptive probationary sentences. *State v. Ripka*, 111 Or App 469, 827 P2d 189, *rev den* 313 Or 300 (1992).

■■     Defendant also argues that the court erred in imposing more than a single term of post-prison supervision on the consecutive sentences. He is correct. Multiple terms of post-prison supervision are served as a single term. OAR 253-12-020(3); OAR 253-12-040. However, there is no error that requires correction, because imposing more than one supervision term is effectively surplusage. *State v. Enos*, 114 Or App 208, 836 P2d 1347 (1992); *State v. Markham*, 114 Or App 5, 836 P2d 1348 (1992).

Affirmed.