Argued and submitted June 29, remanded for resentencing in case number
CA A69797; otherwise affirmed October 14, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## THEARL EUGENE DUMMITT,
*Appellant.*

(10-88-07436, 10-90-08756;
CA A69796 (Control), A69797)
(Cases Consolidated)

839 P2d 246

Sally L. Avera, Public Defender, Salem, argued the cause
for appellant. With her on the brief was Jesse Wm. Barton,
Deputy Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Edmonds, J., concurring in part; dissenting in part.

## WARREN, P. J.

Defendant challenges the sentences imposed after he was convicted of manslaughter in the first degree, ORS 163.118, and being an ex-convict in possession of a firearm. ORS 166.270.[1] The court imposed consecutive sentences of a 90-month prison term on the manslaughter conviction with 36-month post-prison supervision and a 36-month probationary sentence with 90 days in jail on the possession conviction. Defendant argues that, under OAR 253-12-020, the probation term of his possession conviction "merges" with the post-prison term of supervision on his manslaughter conviction and that, therefore, the 36-month probation term and the terms of probation imposed by the court are void.

As pertinent, OAR 253-12-020 provides:

"(1) When the sentencing judge imposes multiple sentences [to be served] consecutively, the consecutive sentences shall consist of an incarceration term and a supervision term.

"* * * * *

"(2) * * *

"* * * * *

"(d) If any sentence includes a prison term, the entire incarceration term of the consecutive sentences shall be served in prison.

"(3) The supervision term of the consecutive sentences shall be:

"(a) The presumptive post-prison supervision term imposed for the primary offense if the sentence for any offense includes a prison term; or

"(b) The presumptive probation term of each offense if no sentence includes a prison term. All presumptive probation terms imposed as provided by this subsection shall run concurrently."

The state argues that we need not address defendant's arguments, because the judgment states only that the term of incarceration is consecutive. Therefore, it contends,

---

[1] Although defendant appealed the judgment in an unrelated case and his motion to consolidate the appeals was granted, he raises no issue with respect to the judgment in CA A69796.

the term of probation will be deemed to be concurrent, ORS 137.123(1), and will have run before the post-prison term begins. Under the guidelines, a probationary sentence is a single sentence, which may contain custody units in the terms of probation. OAR 253-05-007(1). The guidelines do not provide that part of a probationary sentence may be served consecutively and part concurrently. They also do not address when the term of probation begins if it is imposed consecutively to a prison term under OAR 253-12-020.[2]

However, whether the term of probation is deemed concurrent or whether it begins after the term of incarceration, the result is the same: There is no separate probation term. When consecutive sentences are imposed, they are structured as one unit consisting "of *an* incarceration term and *a* supervision term."[3] OAR 253-12-020(1). (Emphasis supplied.) That single incarceration term results in the jail term being served in prison. OAR 253-12-020(2)(d). Although not explicitly stated, the single supervision term results in the probation term becoming part of the post-prison supervision term. OAR 253-12-020(3)(a).

The state does not dispute that both supervisory terms in this case are to be served concurrently. It argues, however, that no rule precludes supervision by both the sentencing court and the Board. However, offenders released from prison are supervised by the Department of Corrections or the corrections agency designated by the Department. OAR 253-11-001. Conditions of post-prison supervision are prepared by the Department, subject to approval by the Board of Parole and Post-Prison Supervision. OAR 253-11-001. Sanctions for violation of post-prison supervision are also under the authority of the Department or the Board. OAR 253-11-004.[4] Under the rules, the term of the probationary sentence is subsumed in the post-prison supervision term.

---

[2] By contrast, OAR 253-12-030(2)(a) provides that a probationary sentence that is to be served consecutively to a previously imposed sentence "shall begin at the date of sentencing."

[3] A supervision term is described as post-prison supervision and shall be *imposed as part of the sentence for any offender who is sentenced to prison.* OAR 253-05-002(1).

[4] The state and the dissent contend that reading OAR 253-12-020(3)(a) as applying to more than the duration of the term of post-prison supervision restricts

Although the sentencing court here imposed both a prison term and conditions of probation, that does not render the judgment void, as defendant argues. OAR 253-12-020(3)(a) mandates a single term of supervision for consecutive sentences. The effect is to make surplusage the supervision terms and conditions in all judgments other than the judgment on the primary offense. *See State v. Enos*, 114 Or App 208, 836 P2d 1347 (1992); *State v. Markham*, 114 Or App 5, 836 P2d 1348 (1992).

The judgment requires that defendant serve 90 days in jail. The state concedes that that was error. OAR 253-12-020(2)(d). We remand for resentencing so that the 90 days incarceration on the possession conviction will be served in prison. *State v. Miller*, 114 Or App 235, 238 n 3, 835 P2d 131 (1992).

Remanded for resentencing in case number CA A69797; otherwise affirmed.

**EDMONDS, J.,** concurring in part; dissenting in part.

I concur that the judgment improperly requires defendant to serve 90 days in jail. I disagree with the majority's other holding.

The majority holds that the terms of a 36-month probationary sentence imposed at the same time as a 90-month prison term are "subsumed in the post-prison supervision term." 115 Or App at 490. The result is that the trial court loses its authority to supervise defendant. The majority reasons that the language of OAR 253-12-020(3)(a) supports its conclusion:

"(3) The supervision term of the consecutive sentences shall be:

"(a) The presumptive post-prison supervision term imposed for the primary offense if the sentence for any offense includes a prison term."

The majority is wrong, because the trial court did not impose "consecutive sentences." It imposed a probationary

_____

the authority that the sentencing court ordinarily would have. That argument must be addressed to the legislature.

sentence that is to be served concurrently with a prison sentence.[1] The only part of the probationary sentence that is consecutive to the prison sentence is the 90-day jail sentence, which the state concedes must be served in prison. *See* OAR 253-12-020(2)(d). "Consecutive" means that one sentence begins after another ends. According to the sentencing judgment, defendant is to serve his probationary term at the same time that he serves his prison term. By its express terms, OAR 253-12-020(3)(a) does not apply to defendant's sentences.

Moreover, the majority's premise that the probation term necessarily becomes part of the post-prison supervision term is incorrect. Whether, in fact, a term of probation will expire while a defendant is serving a prison sentence or is under post-prison supervision cannot be forecast with certainty at the time of sentencing. Subsequent to the Department of Corrections assuming authority over a defendant, convictions may be reversed or other events may occur that can influence the release date.

A trial judge is charged with the responsibility of imposing sentences that protect the public from the defendant as well as the defendant from himself. The judge is best able to provide both protections because of his peculiar knowledge of the needs of both as the result of his involvement in the trial process. In choosing to impose a probationary term, the judge is presumed to be cognizant of the usefulness of probation. A probationary term with specific

---

[1] The sentences provide:

"IT IS FURTHER ORDERED that the defendant is sentenced to the custody of the Department of Corrections of the State of Oregon for the crime of MANSLAUGHTER IN THE FIRST DEGREE for a period not to exceed ninety (90) months, as established in the Guidelines Sentencing Report attached to the original copy of this judgment;

"IT IS FURTHER ORDERED that for the crime of MANSLAUGHTER IN THE FIRST DEGREE the defendant is sentenced to the custody of the Department of Corrections of the State of Oregon under ORS 161.610 (Enhanced Penalty for Firearm) for a minimum period of sixty (60) months.

"IT IS FURTHER ORDERED that for the crime of EX-CONVICT IN POSSESSION OF A FIREARM the defendant is placed on probation to the Department of Corrections for a period of thirty-six (36) months upon the terms and conditions set forth in the attached Conditions of Probation which conditions are hereby made a part of this judgment. The Court imposes one hundred eighty (180) custody units, of which ninety (90) units are to be served in the Lane County Jail, consecutive to the penitentiary sentence imposed above, and are now being used:"

conditions may achieve a result that is unavailable by the imposition of a prison term or post-prison supervision. Second, probation provides ongoing accountability to the trial court, an element critical to rehabilitation of the defendant. The majority's decision eliminates an important part of a trial court's arsenal to carry out its mandated responsibility. If the legislature had intended such a result, it could have expressly provided it. In the absence of such an expression, the majority errs when it imputes to the legislature the intention to abrogate the pre-guidelines authority of trial courts to impose such sentences.

I dissent from the majority's emasculation of the trial court's sentencing authority.