Submitted on record and briefs February 26, remanded for resentencing in part; otherwise affirmed March 31, 1993

STATE OF OREGON,
*Respondent,*

*v.*

DAVID EDWIN BROWN,
*Appellant.*

(10-91-09590; CA A73889)

849 P2d 547

Sally L. Avera, Public Defender, and Mary M. Reese, Deputy Public Defender, Salem, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Chief Judge, and Warren and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of seven counts of burglary in the second degree, ORS 164.215, and one count of possession of a controlled substance. ORS 475.992(4)(b). He appeals from the consecutive sentences imposed on seven of the convictions. The state concedes that the court erred in imposing 90 days incarceration on each of those convictions under OAR 253-05-013(3). That rule does not apply when, as in this case, incarceration terms of presumptively probationary sentences are served consecutively to a sentence that includes a prison term. OAR 253-12-020(2)(d); *State v. Holliday*, 110 Or App 426, 824 P2d 1148, *rev den* 313 Or 211 (1992).

■ Defendant also argues that the court erred in imposing 18 months probation on each consecutive sentence. The primary offense has a post-prison supervision term of 36 months. When a sentence of probation is imposed consecutively to one of incarceration, the probationary term "merges" into the term of post-prison supervision. *State v. Dummitt*, 115 Or App 487, 839 P2d 246 (1992).

■ The state argues that all the sentences should be remanded for resentencing and invites us to overrule *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992), in which we held that the court on remand may resentence only on the convictions on which erroneous sentences were imposed. We decline the state's invitation.

Remanded for resentencing on counts 3, 4, 5, 6, 7, 8, 9 and 35; otherwise affirmed.