Argued and submitted April 28, affirmed in part, reversed and remanded in part
June 16, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT JAMES SHAFFER,
*Appellant.*

## (91-08-34309; CA A73605)

854 P2d 482

David C. Degner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant was convicted after a trial to a jury of second degree assault and first degree criminal mistreatment. ORS 163.175; ORS 163.205. He appeals the assault conviction only, arguing that the trial court erred by instructing the jury on the elements of second degree assault when the indictment alleged only fourth degree assault.[1] The state concedes that, because of a scrivener's error in the indictment, it failed to allege all of the elements of second degree assault.[2] The trial court became aware of the mistake when defendant moved for a judgment of acquittal. It denied defendant's motion and instructed the jury on the additional elements of "serious physical injury," ORS 163.175(1)(a), and physical injury "by means of a * * * dangerous weapon." ORS 163.175(1)(b).

The state admits that the trial court lacked authority to, in effect, amend the indictment to conform to the proof. *State v. Sohn*, 107 Or App 147, 150, 810 P2d 1337 (1991). A trial court does not have authority to amend an indictment if the result is a substantive change to the indictment without authorization by law or by a grand jury. *State v. Wimber*, 315 Or 103, 113, 843 P2d 424 (1992). In this case, the additional elements of second degree assault resulted in a substantively different charge against defendant than originally alleged in the indictment, and he had no opportunity to present a defense to the amended charge. We agree that the court lacked authority to instruct the jury on the elements of second degree assault. Defendant requests that this case be remanded to the trial court for entry of a conviction for fourth degree assault, the crime alleged and proved at trial. We grant

---

[1] ORS 163.160(1) provides, in relevant part:

"A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]"

[2] ORS 163.175(1) provides, in relevant part:

"A person commits the crime of assault in the second degree if the person:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon[.]"

his request. *See State v. Trueax,* 315 Or 396, 845 P2d 1291 (1993).

■■ The state argues that, if the conviction is modified, resentencing is required on both the criminal mistreatment and the assault convictions. We agree. At sentencing, the trial court imposed a sentence for the second degree assault charge and designated it as the primary offense under grid block 8-C of the guidelines. It then imposed a six-month sentence for criminal mistreatment under column I. However, it ordered the sentences to be served concurrently. For concurrent sentences, each offense must be designated in its proper grid block. First degree criminal mistreatment is ranked 7 on the crime seriousness scale, and defendant's criminal history score was C. Therefore, the sentence for criminal mistreatment should have been imposed under grid block 7-C. On remand, that should be corrected. Also, because fourth degree assault is not a felony, sentencing on that charge is not governed by the guidelines. *State v. Miller,* 114 Or App 235, 237, 835 P2d 131 (1992).

Conviction for criminal mistreatment affirmed; conviction for second degree assault reversed and remanded for entry of a judgment of conviction for fourth degree assault; remanded for resentencing on both charges.