Argued and submitted October 28, 1992, convictions affirmed; remanded for resentencing February 2, petition for review denied April 5, 1994 (318 Or 583)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES CALVIN SCOTT,
*Appellant.*

(90-03-31709; CA A69847)

867 P2d 563

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Timothy S. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits, Judge, and Durham, Judge pro tempore.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals the sentences imposed after he was convicted of three counts of attempted compelling prostitution, ORS 161.405; ORS 167.017; three counts of attempted promoting prostitution, ORS 161.405; ORS 167.012; one count of compelling prostitution, ORS 167.017; one count of promoting prostitution, ORS 167.012; three counts of third-degree rape, ORS 163.355; one count of tampering with a witness, ORS 162.285; and one count of first-degree custodial interference, ORS 163.257. We remand for resentencing.

The trial court merged defendant's conviction of compelling prostitution into his conviction of promoting prostitution and designated the promoting prostitution count as the primary offense.[1] On that offense, the court imposed a departure term of 68 months incarceration and 36 months post-prison supervision. On the additional offenses, the court imposed consecutive sentences using column E of the sentencing guidelines grid to calculate the sentences and imposed 36-month terms of post-prison supervision on each of the additional offenses.

In his first assignment, defendant argues that the trial court's imposition of the departure sentence on the primary offense exceeds the statutory maximum provided under ORS 161.605. Defendant did not preserve this issue below, and we will not address it. We note, however, that that issue has been decided contrary to his argument. *State v. Little*, 116 Or App 322, 842 P2d 414 (1992).[2]

■    In his second assignment, defendant argues that the court incorrectly used column E of the guidelines grid, instead of column I, to establish the terms of the consecutive sentences for the additional offenses. He is correct. OAR

---

[1] The trial court also merged defendant's convictions of attempted compelling prostitution and attempted promoting prostitution.

[2] In response to defendant's first assignment, the state alleges that the trial court erred in designating the appropriate primary offense and in merging defendant's convictions of compelling and promoting prostitution. Because the state did not appeal or make appropriate cross-assignments of error, we do not address its arguments.

253-12-020(2)(a)(B) requires that column I be used to calculate additional consecutive sentences. *State v. Miller*, 317 Or 297, 306, 855 P2d 1093 (1993).

■        Defendant also argues that the trial court erred in imposing post-prison supervision terms for each of the additional offenses. He did not preserve this issue below. We note, however, that the recitation of post-prison supervision terms for additional offenses is surplusage and is irrelevant if the post-prison supervision term for the primary offense is correct. *State v. Enos*, 114 Or App 208, 836 P2d 1347, *rev den* 314 Or 728 (1992); *State v. Markham*, 114 Or App 5, 836 P2d 1348 (1992). The trial court may address this issue if it is raised on resentencing.

Convictions affirmed; remanded for resentencing.