Argued and submitted December 21, 1995, convictions affirmed; remanded for resentencing May 1, 1996

STATE OF OREGON,
*Respondent,*

*v.*

GERALD M. HAGAN,
*Appellant.*

(9311-37574; CA A85695)

916 P2d 317

Dan Maloney, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Pursuant to plea negotiations, defendant pled guilty to eight counts arising from the sale of unregistered securities. On the primary offense,[1] the trial court imposed a durational departure of 36 months' imprisonment and 36 months of post-prison supervision. On each of the remaining counts, the trial court imposed five-year terms of probation and ordered that the sentences of probation run consecutively, beginning on the completion of defendant's post-prison supervision on the primary offense. We write only to address defendant's argument that the trial court erred in ordering each of the probationary terms to run consecutively, for a total of 35 years' probation. We remand the entire case for resentencing in accordance with ORS 138.222(5).

■ Defendant argues that the trial court lacked authority under OAR 253-12-020[2] to impose consecutive probation terms in addition to a term of incarceration. Specifically, defendant argues that there can be no separate probationary terms because OAR 253-12-020 mandates a single supervision term and the sentence of incarceration already carries with it a term of post-prison supervision. OAR 253-05-002(1).[3] The state concedes under *State v. Dummitt*, 115 Or App 487, 839 P2d 246 (1992), that defendant is correct. We accept that concession.

■ Defendant also argues that, pursuant to *Dummitt*, we should strike the consecutive probation terms. The state

---

[1] "Primary offense" is defined as "the offense of conviction with the highest crime seriousness ranking. If more than one offense of conviction is classified in the same crime category, the sentencing judge shall designate which offense is the primary offense." OAR 253-03-001(17).

[2] OAR 253-12-020 provides, in part:

"(1) When the sentencing judge imposes multiple sentences [to be served] consecutively, the consecutive sentences shall consist of an incarceration term and a supervision term.

"* * * * *

"(3) The supervision term of the consecutive sentences shall be:

"(a) The presumptive post-prison supervision term imposed for the primary offense if the sentence for any offense includes a prison term[.]"

[3] A supervision term is described as post-prison supervision and shall be imposed as part of the sentence for any offender who is sentenced to prison. OAR 253-05-002(1).

responds that we must remand for resentencing in accordance with ORS 138.222(5).

In *Dummitt*, the defendant argued that his probationary term merged with his post-prison supervision term under OAR 253-12-020. We held that, under OAR 253-12-020(3)(a), the effect of the single supervision term resulted in the probation term becoming part of the post-prison supervision term. Accordingly, additional supervision terms on consecutive judgments except the primary offense were surplusage. 115 Or App at 491. In other words, as long as the judgment for the primary offense correctly stated the supervision term, there was nothing to remand to the trial court to correct.

In 1993, however, the legislature amended ORS 138.222(5) by adding the following provision:

"If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

The legislative history of ORS 138.222(5) shows that the statute was amended to ensure that the sentencing court could impose the sentence that the court determines is appropriate.[4] Accordingly, to the extent that our prior cases have not remanded erroneous consecutive probation terms for resentencing they are no longer applicable.

The consecutive nature of the probationary sentences was essential to the trial court's sentencing scheme; it was an intended part of the trial court's plan to punish and supervise defendant. In the judgment of conviction and sentence, the trial court explained:

---

[4] The legislative purpose in amending ORS 138.222(5) was to safeguard the integrity of the trial court's sentencing "package." Tape recording, House Committee on Appropriations, July 26, 1993, Tape 164B at 384 (testimony of Representative Mannix); *see generally* Exhibit, House Committee on Appropriations, SB 1043, 1993 (Letter from Polk County District Attorney to Marion County District Attorney, July 21, 1993.).

"The court intends that the total length of consecutive periods of probation will be 35 years. The main reason is so that, for virtually the balance of his professional life, he cannot again handle other people's money to earn his living, and that he cannot in any event engage in any aspect of the securities business."

It is clear from the comments that the court would have fashioned a different sentencing scheme if it had been aware that it could not impose the seven periods of probation consecutively. The record fails to reveal, however, what sentence the court would have imposed had it not erred. We conclude that in this case, remand for resentencing is required. ORS 138.222(5); *State v. Brown*, 119 Or App 162, 163, 849 P2d 547 (1993), *mod* 126 Or App 631, 869 P2d 904 (1994).

Convictions affirmed; remanded for resentencing.