Argued and submitted June 27, convictions affirmed; remanded for entry of corrected judgment December 24, 1996, petition for review denied March 4, 1997
(325 Or 45)

STATE OF OREGON,
*Respondent,*

*v.*

RONALD EUGENE WEIKERT,
*Appellant.*

(94-11-7137C; CA A89566)

929 P2d 1070

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Christine Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

After a jury trial, defendant was convicted of one count of rape I, ORS 163.375, and two counts of sexual abuse I, ORS 163.427. He appeals his convictions and sentences. We affirm his convictions without discussion and remand for entry of a corrected judgment.

On the conviction for rape I, the trial court sentenced defendant to 72 months' imprisonment and a 20-year period of post-prison supervision. On each of the sexual abuse I counts, the trial court sentenced defendant to 18 months' imprisonment with a 10-year term of post-prison supervision. The trial court ordered the rape I and first sexual abuse I counts to be served concurrently, and the second sexual abuse I sentence to be served consecutively. The judgment of conviction further provides that ORS 137.635[1] applies to defendant's convictions and that defendant was convicted on a guilty plea.

On appeal, defendant argues that the trial court made three errors in imposing defendant's sentence: (1) the trial court erred in sentencing defendant to 10-year terms of post-prison supervision on each of the sexual abuse counts; (2) the trial court erred in sentencing defendant under ORS 137.635; and (3) the trial court erred in entering a judgment that reflects that defendant was convicted after pleading guilty. Although defendant did not object when the trial court imposed sentence below, he asks us to exercise our discretion to review the three unpreserved claims of error. *See* ORAP 5.45(2). The state concedes that the trial court erred on all three points.

■     First, defendant argues that he should have received only a 36-month term of post-prison supervision on each sexual abuse conviction, a category 8 crime, in accordance with OAR 253-05-002.[2] Citing our decision in *State v. McFee*, 136

---

[1] ORS 137.635 provides that, when a court sentences a convicted defendant on any of a list of enumerated felonies, and that defendant "has previously been convicted" of any of those felonies, the court must impose a determinate sentence that is not subject to reduction or parole.

[2] OAR 253-05-002 provides, in part:

"(1) A term of community supervision is part of the sentence for any offender who is sentenced to prison. This term of community supervision shall

Or App 160, 901 P2d 870 (1995), *rev dismissed* 323 Or 662 (1996) (extended term of post-prison supervision under *former* ORS 144.103 was erroneously ordered on a conviction for sexual abuse I, because that crime was not listed in *former* ORS 144.103; case remanded for resentencing), defendant contends that the trial court's imposition of the extended 10-year post-prison supervision terms[3] under *former* ORS 144.103[4] was error. The state concedes that the trial court erred in that regard but argues that the error is harmless. The state argues that we should not exercise our discretion to review that error because the single supervision term rule under OAR 253-12-020[5]means that there is nothing to correct. *State v. Markham*, 114 Or App 5, 836 P2d 1348 (1992); *see also State v. Enos*, 114 Or App 208, 209, 836 P2d 1347, *rev den* 314 Or 728 (1992) ("when an offender has been sentenced to multiple consecutive sentences, he may be required to serve only a single post-prison supervision term and that one is for the primary offense"). The state is correct. Because

---

be described as post-prison supervision. Departures on the duration of post-prison supervision shall not be allowed.

"(2) The duration of post-prison supervision shall be determined by the crime seriousness category of the most serious current crime of conviction:

"* * * * *

"(c) Three years for Crime Categories 7-11 * * *.

"(3) The term of post-prison supervision shall begin upon completion of the offender's prison term."

[3] The trial court made no reference, in either the sentencing proceeding or in the judgment of conviction, to the authority under which it imposed the extended year terms of post-prison supervision.

[4] Defendant's offenses occurred on or between January 1992 and June 1992. ORS 144.103 was amended in 1993 to include ORS 163.427. Or Laws 1993, ch 301, § 4. That amendment did not go into effect until November 4, 1993, more than a year after defendant committed the offenses.

[5] OAR 253-12-020 provides, in part:

"(1) When the sentencing judge imposes multiple sentences [to be served] consecutively, the consecutive sentences shall consist of an incarceration term and a supervision term.

"* * * * *

"(3) The supervision term of the consecutive sentences shall be:

"(a) The presumptive post-prison supervision term imposed for the primary offense if the sentence for any offense includes a prison term[.]"

the judgment for the primary offense,[6] rape I, correctly states the supervision term,[7] the error is harmless.

■ Second, we agree that the application of ORS 137.635 to his sentence is an error of law apparent on the face of the record. *See State v. Jones*, 129 Or App 413, 879 P2d 881 (1994). We exercise our discretion[8] to review the error, given the state's concession of error, the fact that the error significantly implicates defendant's liberty interest, and because the error can be easily corrected. *See id.* at 416-17. ORS 137.635 applies only to a convicted defendant who was previously convicted of a felony listed under ORS 137.635(2) before committing the crimes for which he was sentenced in the instant case. *State v. Allison*, 143 Or App 241, 923 P2d 1224 (1996). Defendant, however, has no prior convictions. Accordingly, the trial court erred in sentencing him under ORS 137.635.

Finally, we agree that the trial court erred in entering a judgment of conviction that indicates that defendant was convicted on a guilty plea. On remand, the trial court can correct the judgment of conviction to reflect the fact that defendant was convicted after a jury trial.

Convictions affirmed; remanded for entry of a corrected judgment.

---

[6] "Primary Offense" is defined as "the offense of conviction with the highest crime seriousness ranking." OAR 253-03-001(17). In this case, rape I is the primary offense because it has a crime serious ranking of 10, whereas the ranking for sexual abuse I is 8.

[7] The trial court had authority, under *former* ORS 144.103, to place defendant on post-prison supervision for 20 years, the remainder of the term of his sentence.

[8] Here, defendant's judgment of conviction was entered July 10, 1995, two months before the effective date of the 1995 amendment to ORS 138.083. Accordingly, the statutory remedy under ORS 138.083 by which the trial court retains authority to correct erroneous terms in judgments of convictions was not available to defendant.