Argued and submitted May 30, sentence vacated; remanded for resentencing; otherwise affirmed August 22, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES ALEXANDER CASIANO,
*Defendant-Appellant.*

Crook County Circuit Court
04FE0211; A128972

166 P3d 599

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

In this criminal appeal, defendant challenges only his sentence, arguing that the trial court committed plain error in concluding that his conviction and sentence are subject to ORS 137.635.[1] We conclude that defendant is correct and therefore vacate the sentence and remand for resentencing.

The relevant facts are not in dispute. Defendant was charged in Crook County Circuit Court with one count of burglary in the first degree, ORS 164.225, based on conduct committed on or about November 17, 2004. On April 7, 2005, defendant pleaded guilty to the charge.

On April 11, 2005, in Deschutes County Circuit Court, defendant was convicted of multiple counts of burglary in the first degree, based on conduct committed between July and November 28, 2004.

On April 14, 2005, the Crook County Circuit Court imposed sentence. The state argued that, because defendant had been convicted of multiple counts of burglary in

---

[1] ORS 137.635 provides, in part:

"(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. * * * The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible * * * for any reduction in term of incarceration pursuant to ORS 421.121.

"(2) Felonies to which subsection (1) of this section applies include and are limited to:

"* * * * *

"(h) Burglary in the first degree, as defined in ORS 164.225.

"* * * * *

"(3) When the court imposes a sentence under this section, the court shall indicate in the judgment that the defendant is subject to this section."

We note that the requirement in ORS 137.635 that the court impose a "determinate" sentence was rendered surplusage by the enactment of the sentencing guidelines, which themselves require determinate sentences and which took effect before the effective date of ORS 137.635. Thus, ORS 137.635 retains significance primarily as to its prohibition on leave and on sentence reductions under ORS 421.121, providing for "earned time" reductions.

Deschutes County Circuit Court three days earlier, those convictions constituted "previous convictions" subject to ORS 137.635 for the purposes of sentencing on the Crook County burglary. The trial court agreed. It imposed a presumptive sentence of 45 months' imprisonment and 36 months' post-prison supervision, to be served consecutively to sentences imposed for defendant's convictions in the Deschutes County case. It then determined that, defendant having previously been convicted of burglary in the first degree in the Deschutes County case, his conviction and sentence are subject to ORS 137.635.

Defendant asked for clarification of the court's decision:

> "[DEFENSE COUNSEL]:   I just want to be clear on what your sentence is. It's forty-five months and he—you're saying that he's not eligible for programs?
>
> "THE COURT:   I'm saying that he's eligible—he's subject to ORS 137.635, which keeps him from being—having his sentence reduced *under that statute*.
>
> "[DEFENSE COUNSEL]:   Okay.
>
> "THE COURT:   I think he is—should be eminently eligible for programs *within the institution* while he's there."

(Emphasis added.) Shortly after that, defendant's counsel again raised the question of defendant's eligibility for "programs":

> "[DEFENSE COUNSEL]:   Your honor, did you intend for him to be eligible for programs? Because I think that's something specifically contemplated in that little check box on the forms.
>
> "THE COURT:   Subject to ORS 137.635.
>
> "[DEFENSE COUNSEL]:   Okay.
>
> "THE COURT:   So long as it says *subject to 137.635*, yes."

(Emphasis in original.)

On the form of judgment, there is a preprinted section relating to consideration for sentence modifications

under a different statute, ORS 137.750.[2] The section is preceded by a check box and also states that the defendant "may be considered for" such programs "unless the following is checked." In this case, however, neither the preceding nor the "following" space was checked.

On appeal, defendant argues that the trial court erred in making the determination that his Crook County conviction and sentence are subject to ORS 137.635. He points out that, in *State v. Allison*, 143 Or App 241, 923 P2d 1224, *rev den*, 324 Or 487 (1996), this court concluded that ORS 137.635 applies when a person has been convicted of one of the listed offenses before *committing* the offense for which the person currently is being sentenced. Here, he notes, it is undisputed that he committed the offense at issue in this case in November 2004, whereas he was not convicted in the Deschutes County case until April 2005—five months after committing the instant offense. Defendant concedes that he did not make that argument below, but asks us to reach the issue as one of plain error, as we have done in other cases involving ORS 137.635. *See, e.g., State v. Weikert*, 145 Or App 263, 267, 929 P2d 1070 (1996), *rev den*, 325 Or 45 (1997).

The state concedes that, under this court's decision in *Allison*, the trial court erred and that, in a number of post-*Allison* cases, we have concluded that such an error is reviewable even if not preserved. The state nevertheless argues that, for three reasons, defendant is not entitled to relief.

First, relying on *State ex rel Huddleston v. Sawyer*, 324 Or 597, 605-08, 932 P2d 1145, *cert den*, 522 US 994 (1997), the state argues that, notwithstanding ORS

---

[2] ORS 137.750 provides:

"(1) When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or programs.

"(2) The executing or releasing authority may consider the defendant for the programs described in subsection (1) of this section only upon order of the sentencing court appearing in the judgment."

138.050(1)(a), providing that a defendant who has pleaded guilty may take an appeal on the ground that the disposition exceeds the maximum allowed by law, and, notwithstanding ORS 138.222(4)(a), authorizing this court's review of a claim that the sentencing court "failed to comply with requirements of law in imposing or failing to impose a sentence," this court is barred under ORS 138.222(2)(a) from reviewing on direct appeal any ruling or order that is, in effect, collateral to the imposition of a presumptive sentence.

Second, the state argues that, even assuming that defendant's challenge to imposition of ORS 137.635 is reviewable and has merit, this court should decline to reach the issue because the restrictions that ORS 137.635 imposes on defendant's sentence—the inability to obtain leave or earned time sentence reductions under ORS 421.121—also are applicable to defendant under ORS 137.750. And, the state argues, where the trial court did not indicate on the judgment that the Department of Corrections (DOC) was authorized to consider defendant for those sentence modifications under ORS 137.750 and defendant does not assign error to that action by the trial court, DOC is precluded from affording those modifications to defendant even if this court determines that defendant is not subject to ORS 137.635.

Third, the state argues that, in any event, the trial court did not err in applying ORS 137.635 to defendant because, according to the state, this court's interpretation of that statute in *Allison* has been "openly" called into question by the Supreme Court in *Burdge v. Palmateer*, 338 Or 490, 112 P3d 320 (2005). In that post-conviction case, the court concluded that the post-conviction petitioner's criminal trial counsel had not been constitutionally inadequate for having failed to argue, before this court's decision in *Allison*, that ORS 137.635 meant what this court later determined it meant. Based on the Supreme Court's discussion of *Allison* in *Burdge*, the state infers that that court now disagrees with this court's interpretation of the statute. The state therefore argues that the question of the meaning of ORS 137.635 cannot meet the criterion for plain error that the error be "obvious, not reasonably in dispute."

■  We begin with the state's contention that, consistently with ORS 138.222(2)(a) and *Sawyer*, defendant's claim

of error is not reviewable on direct appeal because it is collateral to a presumptive sentence. In *Sawyer*, the trial court imposed a presumptive sentence on a convicted offender, notwithstanding that the offender had been convicted of a crime listed in the then newly enacted ORS 137.700 (Measure 11). The state sought mandamus relief in the Supreme Court, contending that the trial court was required to sentence the offender under Measure 11. *Sawyer*, 324 Or at 599-600. The Supreme Court necessarily first decided whether mandamus was an appropriate remedy by reason of other remedies—specifically, direct appeal—being unavailable. *Id.* at 600-01.

The court noted that, under ORS 138.222(2)(a), a sentence that is within the sentencing guidelines presumptive sentence range for a crime is not reviewable on direct appeal and that, under ORS 138.222(2)(e), no other issue relating to sentencing is reviewable "[e]xcept as authorized by" subsections (3) and (4) of that statute. The court determined that, notwithstanding the enactment of ORS 137.700, the sentencing guidelines remain effective for various purposes as to the crimes to which ORS 137.700 applies. Accordingly, the sentence at issue in that case, which indisputedly was imposed as a presumptive sentence under the guidelines—albeit on a Measure 11 offense—was unreviewable on direct appeal under ORS 138.222(2)(a). *Id.* at 602-07. In addition, the court determined that, consistently with *State v. Adams*, 315 Or 359, 365-67, 847 P2d 397 (1993), ORS 138.222(4)(a) (providing that the appellate court may review a claim that the sentencing court "failed to comply with requirements of law in imposing or failing to impose a sentence") constitutes an exception only to ORS 138.222(2)(e)—prohibiting review of "any other issue related to sentencing"—and not to ORS 138.222(2)(a) through (d). *Sawyer*, 324 Or at 607-08. The court concluded that, because the sentence was unreviewable on direct appeal under ORS 138.222(2)(a) and because ORS 138.222(4)(a) did not provide an exception to its nonreviewability, the sentence was subject to the extraordinary remedy of mandamus. *Id.* at 608.

*Sawyer* does not control the reviewability of the sentence in this case. In particular, nothing in that case indicates that aspects of a presumptive sentence other than the length of the sentence *as imposed* are unreviewable under ORS 138.222(2)(a) and ORS 138.222(4)(a). Rather, in

*Sawyer*, the ruling of the trial court that the Supreme Court determined to be unreviewable on direct appeal under those statutes did in fact pertain to the length of the sentence imposed, namely, the trial court's decision to impose a 20-month presumptive sentence rather than a 75-month minimum sentence under ORS 137.700.

Here, by contrast, although the trial court imposed a presumptive sentence, the challenged ruling of the trial court did not pertain to the length of the sentence imposed, or to some other sentence length asserted to be applicable. Rather, the relevant ruling pertained to the applicability of ORS 137.635, which does not itself establish the length of any sentence but, as discussed above, affects an offender's eligibility for subsequent modifications of the sentence that are implemented by the custodial or supervisory authority (in this case, DOC), such as temporary leave from custody or earned time reductions. We conclude that that aspect of defendant's sentence is reviewable under ORS 138.222(2)(e) and ORS 138.222(4)(a), relating to the sentencing court's asserted "fail[ure] to comply with requirements of law in imposing * * * a sentence."

We turn next to the state's argument that, even assuming that the trial court's application of ORS 137.635 to defendant's sentence was erroneous, we should decline to reach the issue because the same restrictions on sentence modifications were available to the trial court under ORS 137.750; because the record in this case indicates that the trial court would have imposed the restrictions under the latter statute; and because, on this record, DOC will deem the trial court to have done so. In effect, the state argues that any error by the trial court was harmless. For the following reasons, we reject the state's reasoning.

To begin with, the record does not support the state's characterization of the trial court's intentions regarding ORS 137.750. As we have noted, in its colloquy with defendant's counsel, the court referred to defendant's eligibility for "programs." But the court's first such reference was to programs within the institution, such as drug abuse treatment. The statement sheds no light on the court's intention regarding defendant's ability to be considered under ORS 137.750 for

leave from custody, sentence reductions, and similar "programs" covered by that statute. However, the court's response to defense counsel's follow-up question—in which counsel expressly asked about programs covered by "that little check box on the forms"—does shed light on that issue. Although the relevant "check box" section of the form does not refer to ORS 137.750, it precisely tracks the wording of that statute as to the forms of sentence modification at issue. And, again, when expressly asked whether it intended for defendant to be "eligible" for the "programs" relevant to the "check box" on the form, the court stated, "So long as it says *subject to 137.635*, yes." (Emphasis in original.) We understand from those circumstances that, except to the extent that defendant was ineligible under ORS 137.635 for such "programs," the trial court permitted defendant to be considered under ORS 137.750 for them.

Nor does the written judgment foreclose that understanding of the court's intention. Again, as we have noted, the section of the preprinted form relating to consideration for sentence modifications under ORS 137.750, indicating that the defendant "may be considered for" such programs "unless the following is checked," was not, in fact, checked.[3]

Finally, the record does not reflect that the trial court found "on the record in open court" the statutorily required "substantial and compelling reasons" to deny defendant consideration for the relevant programs. In short, on this record, we cannot conclude that, regardless of any error attendant on the trial court's application to defendant of ORS 137.635, the court in any event intended to, and effectively did, preclude him under ORS 137.750 from obtaining sentence modifications.

There remains the state's argument that, if nothing else, the Supreme Court recently has called into question the correctness of *Allison* and, as a result, the trial court's failure to comply with it no longer can be regarded as plain error. Under ORAP 5.45(1), this court may exercise its discretion to address an unpreserved error of law that is "apparent on the

_____

[3] That fact also prevents this court from assuming that DOC necessarily will understand the judgment to preclude defendant's consideration for ORS 137.750 sentence modifications.

face of the record." An error is plain if it is purely legal, obvious and not reasonably in dispute, and depends on undisputed predicate facts, so that we are not required to go beyond the record or choose between competing inferences. *State v. Page*, 197 Or App 72, 78, 104 P3d 616 (2005), *rev den*, 340 Or 673 (2006). In deciding whether to exercise our discretion to address such an error, we consider, among other things, "the gravity of the error; the ends of justice in the particular case; * * * and whether the policies behind the general rule requiring preservation of error have been served in the case in another way[.]" *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

The state's argument that a trial court's failure to follow *Allison* is not plain error is premised on an assertion that the Supreme Court questioned the correctness of that decision in *Burdge*. Because the court did so, the state reasons, a failure to follow this court's decision can no longer be regarded as "obvious and not reasonably in dispute."

The problem with the state's argument is that the Supreme Court in *Burdge* did not address the correctness of this court's decision in *Allison*. The issue before the court was not the correctness of *Allison*, but the question whether a post-conviction petitioner's criminal trial counsel, who had failed to raise the issue that *Allison* ultimately decided, had failed to exercise reasonable professional skill and judgment. The court concluded that the lawyer had not failed to exercise reasonable skill and judgment in not raising the issue. To be sure, the court suggested that a "more technical grammatical analysis *could*" suggest a reading of the statute different from the one reached in *Allison. Burdge*, 338 Or at 498 n 5 (emphasis added). But the court then cautioned that its conclusion with respect to the narrow issue before it "does not depend on whether *Allison* correctly identified an ambiguity [in the statute] or ultimately interpreted the statute correctly." *Burdge*, 338 Or at 498. As a result, our decision in *Allison* remains good law, and the trial courts of this state remain bound by it.

For that reason, the trial court's legal error in this case remains obvious and not reasonably in dispute. Moreover, we exercise our discretion to reach the error. The error

significantly affects defendant's liberty interest in that, in the absence of some other bar to sentence modifications, such as an order by the trial court denying him consideration under ORS 137.750 for such modifications, application to defendant of ORS 137.635 deprives him of eligibility for a sentence reduction of up to 20 percent under ORS 421.121, among other consequences. In addition, the trial court's error in applying ORS 137.635 to defendant can easily be corrected. *See Weikert*, 145 Or App at 267 (relying on equivalent factors in exercising court's discretion to review plain error). The trial court erred in applying ORS 137.635 to defendant's sentence in this case.

Sentence vacated; remanded for resentencing; otherwise affirmed.