STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSUE VARGAS,
*Defendant-Appellant.*

Marion County Circuit Court
13C42972; A155248

352 P3d 743

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

## FLYNN, J.

In this criminal appeal, defendant contends that the trial court's guilty verdicts on two counts of felony assault in the fourth degree should have been merged into a single conviction. The state's primary argument on appeal is that defendant's claim of error is not reviewable, because the trial court imposed sentences on both convictions that are within the presumptive sentence range under the sentencing guidelines. We disagree and remand with instructions to enter a single conviction for fourth-degree assault, and for resentencing, but otherwise affirm.

The case arises out of a domestic violence episode that resulted in defendant being charged with, among other crimes, two counts of felony fourth-degree assault—one count for committing assault after having previously been convicted of assaulting the same victim, ORS 163.160(3)(a), and the other count for committing assault in the immediate presence of the victim's minor child, ORS 163.160(3)(c). Defendant pleaded guilty to both assault counts, and the trial court accepted that plea.

During sentencing, the court asked the prosecutor whether the counts arose from incidents on separate days, and the prosecutor replied, "They were both the same night. There's two different theories. It's a minor child and then a prior conviction on [the victim]." However, the court did not merge the convictions; it imposed concurrent, presumptive sentences on each count.

On appeal, defendant argues that ORS 161.067 does not authorize two separate convictions for felony fourth-degree assault in this case. The state acknowledges that defendant raised the issue below and "that the bare-bone facts set forth as the factual basis for the plea * * * do not clearly establish a sufficient basis under ORS 161.067(3) for entry of separate convictions."

The state contends, however, that defendant's claim of error is unreviewable under ORS 138.222. That statute governs the review of sentences imposed for felony

convictions.[1] The state points out that our decision in *State v. Davis*, 265 Or App 425, 438, 335 P3d 322 (2014), *rev den*, 356 Or 837 (2015), described the defendant's challenge to the entry of separate—rather than merged—convictions as an appeal "based on the sentence" and, therefore, reviewable as specified in ORS 138.222.[2] The state acknowledges our conclusion in *Davis*—that a challenge to the failure to merge convictions falls within the scope of ORS 138.222(4)(a), which permits appellate court review of a claim that "[t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]" 265 Or App at 438. But *Davis* did not discuss ORS 138.222(2)(a), which the state views as precluding review of defendant's merger challenge. That statute precludes review of "[a]ny sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission."[3] ORS 138.222(2)(a).

There is no dispute that the trial court imposed concurrent, presumptive sentences for defendant's assault convictions, but we have construed ORS 138.222(2)(a) more narrowly than the state proposes. As we explained in *State v. Casiano*, 214 Or App 509, 515, 166 P3d 599 (2007), ORS 138.222(2)(a) addresses challenges to the length of a sentence that is within the presumptive range; it does not preclude review of "aspects of a presumptive sentence other than the length of the sentence as imposed[.]" (Emphasis omitted.) Because defendant challenges the court's failure to merge the findings of guilt, not the length of the concurrent, presumptive sentences, ORS 138.222(2)(a) does not preclude review.

---

[1] The statute governs appeals from a judgment of conviction entered for a felony committed on or after November 1, 1989. ORS 138.222(1).

[2] The state does not contend that we lack jurisdiction over defendant's appeal, but it disputes defendant's contention that we have jurisdiction under ORS 138.050. We agree with the state. *See Davis*, 265 Or App at 438 (jurisdiction over the defendant's appeal based on merger argument is under ORS 138.222(7), which allows appeal from a judgment "based on the sentence for a felony").

[3] If the claim is unreviewable under ORS 138.222(2)(a), an appellant cannot rely upon ORS 138.222(4)(a) as an exception to (2)(a) to establish reviewability. *See State v. Casiano*, 214 Or App 509, 515, 166 P3d 599 (2007) (holding that ORS 138.222(4)(a) is not an exception to ORS 138.222(2)(a)).

We review the merits of defendant's merger argument for errors of law, *Davis*, 265 Or App at 438, and agree that the trial court was required to merge the findings of guilt for felony fourth-degree assault. Oregon's "anti-merger" statute, ORS 161.067, provides, in general, that a defendant has committed "separately punishable offenses" when the "same conduct or criminal episode" violates two or more statutory provisions, each requiring proof of an element the others do not, ORS 161.067(1); involves two or more victims, ORS 161.067(2); or involves repeated violations of the same statutory provision against the same victim if separated by "sufficient pause," ORS 161.067(3). We have repeatedly held that the two theories of fourth-degree assault to which defendant pleaded guilty—ORS 163.160(3)(a) and (c)—are not separate statutory provisions for anti-merger purposes. *State v. Orobio-Juan*, 220 Or App 446, 447, 186 P3d 326 (2008); *State v. Yong*, 206 Or App 522, 546, 138 P3d 37, *rev den*, 342 Or 117 (2006). There is also no suggestion that the charges involved two or more victims. Finally, as the state acknowledges, the record does not establish whether defendant committed two assaults separated by "sufficient pause," so ORS 161.067(3) does not support the imposition of separate convictions.[4] *See State v. McConville*, 243 Or App 275, 284, 259 P3d 947 (2011) ("As the party asserting that [the] defendant's conduct * * * is 'separately punishable' for purposes of ORS 161.067(3), the state has the burden of adducing legally sufficient evidence of the requisite 'sufficient pause.'"). Accordingly, we conclude that the trial court erred in failing to merge the findings of felony fourth-degree assault into a single conviction.

Convictions for fourth-degree assault reversed and remanded with instructions to enter judgment of conviction for one count of felony fourth-degree assault reflecting that defendant was convicted on both theories; remanded for resentencing; otherwise affirmed.

---

[4] In its answering brief, the state acknowledges that defendant "is correct that the very short record in this case is insufficient to establish that his two convictions were based on two discrete assaults."