Submitted April 30, convictions for fourth-degree assault reversed and remanded with instructions to enter judgment of conviction for one count of felony fourth-degree assault reflecting that defendant was convicted on both theories; remanded for resentencing; otherwise affirmed June 11, 2008

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ZEFERINO OROBIO-JUAN,**
*Defendant-Appellant.*

Marion County Circuit Court
05C53403; A132306

186 P3d 326

Peter Gartlan, Chief Defender, Legal Services Division, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of assault in the second degree, ORS 163.175, contempt of court, ORS 33.015, and two counts of felony fourth-degree assault, ORS 163.160. On appeal, defendant argues that the trial court erred in failing to merge the two convictions for felony fourth-degree assault. Defendant acknowledges that he did not preserve the claim of error, but asserts that it is error apparent on the face of the record, ORAP 5.45(1), and that we should exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), to correct it. We agree and, consequently, reverse defendant's convictions for felony fourth-degree assault, with instructions to enter a single conviction for that crime, and remand for resentencing.

■　The indictment in this case alleged two separate felony fourth-degree assault charges, based on the same conduct involving the same victim on the same date. One count alleged, as a predicate, that defendant previously had been convicted of assaulting the same victim, ORS 163.160(3)(a); the other, that defendant committed the assault in the immediate presence of, or it was witnessed by, the victim's minor child, ORS 163.160(3)(c). The state concedes that, under *State v. Yong*, 206 Or App 522, 138 P3d 37, *rev den*, 342 Or 117 (2006), the trial court erred in not merging those convictions into a single conviction. We agree and, thus, accept the state's concession as well founded.

■　Furthermore, and consistently with the reasoning in *State v. Valladares-Juarez*, 219 Or App 561, 184 P3d 1131 (2008), we conclude that it is appropriate for us to exercise our discretion to correct the error in this case. In *Valladares-Juarez*, we determined that the relevant considerations under *Ailes*, 312 Or at 382 n 6, *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007), and *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), militated in favor of our exercise of discretion to correct the trial court's failure to merge separate first-degree kidnapping charges. As we explained:

"First, the error in this case is grave; the presence of an additional kidnapping conviction on defendant's criminal

record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of his criminal history. Second, although the state may have an interest in avoiding unnecessary resentencing proceedings, *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), it has no interest in convicting a defendant twice for the same crime. Thus, on balance, the competing interests of the parties in this case weigh in favor of exercising our discretion to correct the error. Moreover, we cannot identify any strategic reason that defendant may have had for not objecting to the entry of separate kidnapping convictions; nor can we identify any reason why the ends of justice would not be served by ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted. Indeed, the state has not suggested *any* reasons why this court should decline to exercise its discretion to correct the error in this case."

*Valladares-Juarez*, 219 Or App at 564-65 (emphasis in original). Those considerations apply with equal force to the trial court's failure to merge defendant's fourth-degree assault convictions in this case.

Convictions for fourth-degree assault reversed and remanded with instructions to enter judgment of conviction for one count of felony fourth-degree assault reflecting that defendant was convicted on both theories; remanded for resentencing; otherwise affirmed.