Submitted June 27, convictions for fourth-degree assault reversed and remanded with instructions to enter judgment of conviction for one count of felony fourth-degree assault reflecting that defendant was convicted on both theories; remanded for resentencing; otherwise affirmed August 13, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY DEAN WEINGAERTNER,
*Defendant-Appellant.*

Marion County Circuit Court
06C40843; A133093

191 P3d 753

Peter Gartlan, Chief Defender, Legal Services Division, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Simon C. Whang, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Huckleberry, Judge pro tempore.

PER CURIAM

## PER CURIAM

■■     Defendant was convicted by a jury of two counts of felony assault in the fourth degree based on the same conduct against the same victim on the same date. On one count, defendant was convicted on the theory that he had previously been convicted of assaulting the victim, ORS 163.160(3)(a); on the other count, defendant was convicted on the theory that he had previously been convicted at least three times of assaults involving domestic violence, ORS 163.160(3)(b). On appeal, defendant argues that the trial court erred in failing to merge his convictions into a single conviction for felony fourth-degree assault. He acknowledges that he did not preserve that claim of error below but urges this court to review it as error apparent on the face of the record, ORAP 5.45(1). We agree with defendant that the trial court committed error apparent on the face of the record in failing to merge the convictions and, for the reasons expressed in *State v. Orobio-Juan*, 220 Or App 446, 447-48, 186 P3d 326 (2008), exercise our discretion to correct the error.

Defendant also advances a number of other arguments concerning unpreserved sentencing errors. Because we must remand for resentencing as a result of the trial court's error in failing to merge the convictions, ORS 138.222(5), we need not address those remaining assignments of error.

Convictions for fourth-degree assault reversed and remanded with instructions to enter judgment of conviction for one count of felony fourth-degree assault reflecting that defendant was convicted on both theories; remanded for resentencing; otherwise affirmed.