Submitted June 29, 2020; in Case Number 18CR45016, convictions on Counts 1 and 4 reversed and remanded for entry of judgment of conviction for one count of second-degree assault constituting domestic violence, convictions on Counts 2 and 5 reversed and remanded for entry of judgment of conviction for one count of unlawful use of a weapon, convictions on Counts 3, 6, 9, and 10, reversed and remanded for entry of judgment of conviction for one count of fourth-degree assault constituting domestic violence, remanded for resentencing, otherwise affirmed; in Case Numbers 18CN03132 and 18CN04373, affirmed March 31; petition for review denied July 29, 2021 (368 Or 511)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES DEQUAN EASLEY,
*Defendant-Appellant.*

Washington County Circuit Court
18CR45016, 18CN03132, 18CN04373;
A169457 (Control), A169458, A169485

484 P3d 389

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Criminal Appellate Section, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

In Case Number 18CR45016, convictions on Counts 1 and 4 reversed and remanded for entry of judgment of conviction for one count of second-degree assault constituting domestic violence; convictions on Counts 2 and 5 reversed and remanded for entry of judgment of conviction for one count of unlawful use of a weapon; convictions on Counts 3, 6, 9, and 10, reversed and remanded for entry of judgment of conviction for one count of fourth-degree assault constituting domestic violence; remanded for resentencing; otherwise affirmed. In Case Numbers 18CN03132 and 18CN04373, affirmed.

## PER CURIAM

Defendant was found guilty by unanimous jury verdicts of two counts of second-degree assault constituting domestic violence, ORS 163.175 (Counts 1 and 4); two counts of unlawful use of a weapon, ORS 166.220 (Counts 2 and 5); and four counts of fourth-degree assault constituting domestic violence, ORS 163.160(3) (Counts 3, 6, 9, and 10). In a related case, consolidated on appeal, defendant also was found in contempt on five counts stemming from violations of a restraining order. On appeal, defendant assigns eight errors. We reject without written discussion the first and second assignments, related to motions for judgment of acquittal, and the seventh and eighth assignments, related to the contempt proceedings.

In the third, fourth, and fifth assignments, defendant contends that the trial court plainly erred when it failed to merge the guilty verdicts for the two counts of second-degree assault, the two counts of unlawful use of a weapon, and the four counts of fourth-degree assault. The state, for its part, concedes that the trial court erred in failing to merge those guilty verdicts because there is insufficient evidence in the record to foreclose their merger. Under applicable law, merger is required under the circumstances of this case unless there was a "sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3).

Based on the evidence in the record, we agree with the state that the court erred in failing to merge the identified counts, and, for the reasons expressed in *State v. Orobio-Juan*, 220 Or App 446, 448, 186 P3d 326 (2008), we exercise our discretion to review and correct the plain error. We therefore reverse the judgment and remand with instructions to enter judgments of conviction for one count of second-degree assault, one count of unlawful use of a weapon, and one count of felony fourth-degree assault.

In his sixth assignment, defendant contends that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. After the United States Supreme Court ruled against nonunanimous jury verdicts for serious offenses in *Ramos*

*v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court held that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). When, as here, the jury's verdicts were unanimous despite the nonunanimous instruction, the erroneous instruction was "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020). Therefore, we reject defendant's sixth assignment of error.

In Case Number 18CR45016, convictions on Counts 1 and 4 reversed and remanded for entry of judgment of conviction for one count of second-degree assault constituting domestic violence; convictions on Counts 2 and 5 reversed and remanded for entry of judgment of conviction for one count of unlawful use of a weapon; convictions on Counts 3, 6, 9, and 10, reversed and remanded for entry of judgment of conviction for one count of fourth-degree assault constituting domestic violence; remanded for resentencing; otherwise affirmed. In Case Numbers 18CN03132 and 18CN04373, affirmed.