Submitted on record and briefs September 1, reversed and remanded for entry of judgment merging two convictions for Counts one and five, and merging three convictions for Counts two through four, and for resentencing; otherwise affirmed October 4, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## JASON ANTHONY GALLEGOS,
*Appellant.*

0400073CR; A129969

145 P3d 255

Peter Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted on five counts of attempted aggravated murder, ORS 163.095. Three of those convictions relate to defendant's attempt to hire Reeves to murder the intended victim; two of those convictions relate to defendant's attempt to hire Castro to murder the intended victim. Defendant contends that the two convictions concerning his attempt to hire Reeves should be merged with one another, and that the three convictions concerning his attempt to hire Castro all should merge together, thus resulting in two rather than five convictions. The state concedes that, under *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), such merger is appropriate.

Defendant suggests that the proper remedy is for this court to remand for merger of the convictions and for resentencing. The state suggests that resentencing is not required because it is clear that the court has authority to, and will, impose the same sentence regardless of the number of convictions. We disagree that resentencing is not required. *See* ORS 138.222(5); *State v. Rodvelt*, 187 Or App 128, 66 P3d 577, *rev den*, 336 Or 17 (2003) (failure to merge convictions is error that requires remand of the entire case for resentencing).

Reversed and remanded for entry of judgment merging two convictions for Counts one and five, and merging three convictions for Counts two through four, and for resentencing; otherwise affirmed.