Submitted March 30, reversed and remanded with instructions to merge guilty verdicts on Counts 1 and 2 into a single conviction for delivery of methamphetamine within 1,000 feet of a school and to merge guilty verdicts on Counts 3 and 4 into a single conviction for delivery of methamphetamine within 1,000 feet of a school, and for resentencing; otherwise affirmed May 4, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL RODRIGUEZ-GOMEZ,
*Defendant-Appellant.*

Marion County Circuit Court
08C51665; A141487

256 P3d 169

Peter Gartlan, Chief Defender, and Mary Shannon Storey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of delivery of methamphetamine, ORS 475.890, and two counts of delivery of methamphetamine within 1,000 feet of a school, ORS 475.892. On appeal, defendant's first four assignments of error concern the denial of his motion for a judgment of acquittal on each count. We reject those assignments without discussion. In his remaining assignments of error, defendant contends that the trial court should have entered only two convictions for delivery of methamphetamine within 1,000 feet of a school, because the other delivery convictions were lesser-included offenses.

Defendant did not preserve for appeal the issues he now raises regarding merger. Rather, he argues that the trial court committed plain error in entering four separate convictions. The state concedes that the trial court should have entered only two convictions and that its failure to do so constitutes error apparent on the face of the record. That concession is well founded. Defendant's convictions arose out of two criminal episodes in which defendant delivered methamphetamine near a school. For each episode, defendant was charged with two counts: one count of delivery of methamphetamine in violation of ORS 475.890, and one count of delivery of methamphetamine within 1,000 feet of a school in violation of ORS 475.892. The latter drug offense (delivery near a school) is simply an enhanced version of the former (delivery). *Compare* ORS 475.890 ("it is unlawful for any person to deliver methamphetamine") *with* ORS 475.892 ("it is unlawful for any person to deliver methamphetamine within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors"). Thus, the verdicts for delivery of methamphetamine and delivery of methamphetamine within 1,000 feet of a school should have merged into a single conviction. *See* ORS 161.067(1) (so-called "anti-merger" statute); *State v. White*, 346 Or 275, 211 P3d 248 (2009) (synthesizing "anti-merger" case law under ORS 161.067).

In short, we agree with the state's concession that the trial court committed plain error in failing to merge the convictions, and for the reasons expressed in *State v.*

*Valladares-Juarez*, 219 Or App 561, 564-65, 184 P3d 1131 (2008), we exercise our discretion to correct the error.

Reversed and remanded with instructions to merge guilty verdicts on Counts 1 and 2 into a single conviction for delivery of methamphetamine within 1,000 feet of a school and to merge guilty verdicts on Counts 3 and 4 into a single conviction for delivery of methamphetamine within 1,000 feet of a school, and for resentencing; otherwise affirmed.