Submitted March 30, affirmed August 17, 2011

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ROBERT ALTON DURHAM,**
*Defendant-Appellant.*

Marion County Circuit Court
08C51760; A142250

263 P3d 1030

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

After the trial court ruled that defendant was not eligible for a marijuana diversion program, defendant pleaded guilty to possession of less than one ounce of marijuana within 1,000 feet of a school, ORS 475.864(4). On appeal, defendant contends that the trial court erred in concluding that he was not eligible for diversion. We affirm.

The relevant facts are few and undisputed. Defendant was charged with, *inter alia*, possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school. Defendant submitted a petition to enter a marijuana diversion program pursuant to ORS 135.907. The trial court determined that defendant was not eligible for a diversion program. Defendant conditionally pleaded guilty to knowingly possessing, in a public place, less than one ounce of marijuana within 1,000 feet of a school, reserving the right to appeal the ruling denying his petition to enter a diversion program.

On appeal, defendant asserts that the trial court erred in concluding that he was not eligible for diversion. We review a trial court ruling regarding eligibility for a diversion program for errors of law. *See State v. Warrington*, 219 Or App 566, 568, 184 P3d 1160 (2008) (applying that standard of review). There are two statutes at issue in this case: ORS 475.864 and ORS 135.907. ORS 475.864(3) provides that unlawful possession of less than one ounce of marijuana is a violation, punishable by a fine, and ORS 475.864(4) provides that unlawful possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school is a Class C misdemeanor. ORS 135.907, the diversion statute, provides that diversion is available if the offense is the defendant's first offense of possession of less than one ounce of marijuana. The state argues that ORS 475.864(3) and (4) set forth two separate offenses—(1) possession of less than one ounce of marijuana and (2) possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school—and that a marijuana diversion program under ORS 135.907 is only available for the first of those offenses. Accordingly, the state contends that the trial court correctly ruled that

defendant was not eligible for a diversion program. Defendant contends that ORS 475.864(3) and (4) describe a single offense—possession of less than one ounce of marijuana—with ORS 475.864(4) merely providing a stricter penalty if that offense takes place within 1,000 feet of a school. Defendant contends that both subsections (3) and (4) are "possession of less than one ounce of marijuana" for purposes of ORS 135.907 and, consequently, that the trial court erred in concluding that he was not eligible for diversion. We agree with the state.

The parties agree that this is defendant's first offense and that, contrary to ORS 475.864(4), he possessed, in a public place, less than one ounce of marijuana within 1,000 feet of a school. The legal question is whether a defendant who commits the offense of possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school is eligible for a diversion program. That question presents an issue of statutory construction.

To determine the intent of the legislature in enacting both statutes (ORS 475.864 and ORS 135.907), we first examine the text of the statutes in context and then look to any helpful legislative history offered by the parties. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). ORS 475.864 provides:

"(1)  It is unlawful for any person knowingly or intentionally to possess marijuana.

"(2)  Unlawful possession of marijuana is a Class B felony.

"(3)  Notwithstanding subsection (2) of this section, *unlawful possession of marijuana is a violation if the amount possessed is less than one avoirdupois ounce* of the dried leaves, stems and flowers of the plant Cannabis family Moraceae. A violation under this subsection is punishable by a fine of not less than $500 and not more than $1,000. Fines collected under this subsection shall be forwarded to the Department of Revenue for deposit in the Criminal Fine and Assessment Account established under ORS 137.300.

"(4)   Notwithstanding subsections (2) and (3) of this section, *unlawful possession of marijuana is a Class C misdemeanor if the amount possessed is less than one avoirdupois ounce* of the dried leaves, stems and flowers of the plant Cannabis family Moraceae *and the possession takes place in a public place*, as defined in ORS 161.015, *that is within 1,000 feet of* the real property comprising a public or private elementary, secondary or career *school* attended primarily by minors."

(Emphasis added.) The text of subsection (2) provides that unlawful possession of marijuana is a Class B felony. Under subsection (3), unlawful possession of less than one ounce of marijuana is a "violation," punishable by a fine. Under subsection (4), unlawful possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school is a "Class C misdemeanor." Thus, ORS 475.864 sets forth three separate offenses under subsections (2), (3), and (4): unlawful possession of marijuana, unlawful possession of less than one ounce of marijuana, and unlawful possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school.

The text of ORS 135.907(1), in turn, provides that a defendant is eligible for diversion if the offense is "defendant's first offense of possession of less than one ounce of marijuana * * *." ORS 135.907(1) does not provide that a defendant is eligible for diversion if the offense is the defendant's first offense of possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school. Thus, the text of ORS 135.907(1) limits eligibility to those defendants whose offense is limited to possessing less than one ounce of marijuana.

Defendant contends that the use of the word "offense" in ORS 135.907(1) shows an intent to make eligible for diversion both the "violation" in ORS 475.864(3) and the "Class C misdemeanor" of ORS 475.864(4). Under ORS 161.505, an "offense" is either "a crime" or "a violation." Thus, in defendant's view, both the violation and the crime of possession of less than one ounce are eligible for diversion. Defendant's argument is unconvincing. ORS 135.907(1) was enacted in 1989 and *former* ORS 475.999(2)(b) (1991),[1] the

---

[1] *Former* ORS 475.999(2)(b) provided, "Possession of less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae

statute creating the crime of possession, in a public place, of less than an ounce of marijuana within 1,000 feet of a school, was enacted in 1991. Or Laws 1989, ch 1075, § 5; Or Laws 1991, ch 574, § 1(2). At the time the legislature created the diversion program, there was no "offense" separately criminalizing possession of less than one ounce of marijuana within 1,000 feet of a school. *See Gaines*, 346 Or at 177 n 16 ("Ordinarily, only statutes enacted simultaneously with or before a statute at issue are pertinent context for interpreting that statute."). Accordingly, based on the language of ORS 135.907(1) and ORS 475.864, we conclude that the trial court did not err in ruling that defendant was ineligible for diversion.

Citing *Blockburger v. United States*, 284 US 299, 304, 52 S Ct 180, 76 L Ed 306 (1932),[2] and ORS 161.067(1),[3] defendant argues that the two provisions are the same offense for purposes of double jeopardy and merger. The test under *Blockburger* and ORS 161.067(1) for whether there are two offenses or one is whether each provision requires proof of an element that the other does not. Defendant argues that, because the elements of ORS 475.864(3) are possession of less than an ounce of marijuana and the elements of ORS 475.864(4) are possession, in a public place, of less than an ounce of marijuana within 1,000 feet of a school, a guilty verdict under subsection (3) would merge with a guilty verdict under subsection (4). *Cf. State v. Rodriguez-Gomez*, 242 Or App 567, 256 P3d 169 (2011) (court erred in entering separate convictions for delivery of methamphetamine and delivery of methamphetamine within 1,000 feet of a school based on a single act). However, defendant's argument does not advance his position, because he was not charged with

---

in a public place that is within 1,000 feet of a school is a Class C misdemeanor." *Renumbered as* ORS 475.904 (2005), *amended by* Or Laws 2005, ch 22, § 349; Or Laws 2005, ch 708, § 41.

[2] The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 US at 304.

[3] When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." ORS 161.067(1).

two separate offenses. He was charged only with possession, in a public place, of less than an ounce of marijuana within 1,000 feet of a school. Whether guilty verdicts on both ORS 475.864(3) and ORS 475.864(4) would merge does not address whether they are, in fact, separate offenses.

Finally, the legislative history supports our conclusion that a defendant who commits the offense of possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school is not eligible for diversion. In 1991, the legislature amended the predecessor to ORS 475.864, *former* ORS 475.999, to add the offense of possession of less than one ounce of marijuana within 1,000 feet of a school as a Class C misdemeanor. Or Laws 1991, ch 574, § 1(2). In a work session on that bill, Representative Kevin Mannix referred to the diversion program for possession of less than one ounce of marijuana:

> "[W]e still have a provision, well I guess it's under the violation provision and the fine and it allows for possessors of marijuana to have a first time * * * diversion program for rehabilitation and education. *I don't know if this would supersede that*, or I assume it would, that's what Representative Mason's nodding. Okay."

Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2580, Feb 27, 1991, Tape 38, Side A (statement of Rep Kevin Mannix) (emphasis added). In essence, the legislature appears to have assumed that the provision criminalizing possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school is more serious than the violation for possession of less than one ounce of marijuana, and that the diversion program would only apply to the violation. Thus, the legislative history demonstrates that the legislature was aware of the diversion program that was available for possession of less than one ounce of marijuana and did not provide that the diversion program would apply to the new crime of possession, in a public place, of less than one ounce of marijuana within 1,000 feet of a school.

Affirmed.