STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN JOSEPH SKAGGS,
*Defendant-Appellant.*

Multnomah County Circuit Court
121034732; A155878

364 P3d 355

Peter Gartlan, Chief Defender, and Kali Montague,
Deputy Public Defender, Office of Public Defense Services,
filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce,
Solicitor General, and Timothy A. Sylwester, Assistant
Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Garrett, Judge,
and Schuman, Senior Judge.

GARRETT, J.

**GARRETT, J.**

Defendant was convicted of one count of delivery of heroin within 1,000 feet of a school, ORS 475.852 (Count 1), one count of unlawful delivery of heroin, ORS 475.850 (Count 2), and one count of unlawful possession of heroin, ORS 475.854 (Count 3). Defendant pleaded no contest to those crimes, and the trial court sentenced him to 34 months' imprisonment on Count 1, with 36 months' post-prison supervision; 18 months' imprisonment on Count 2, to be served concurrently with Count 1, and 24 months' post-prison supervision; and 18 months' supervised probation on Count 3.

On appeal, defendant argues—and the state concedes—that the trial court plainly erred when it failed to merge the guilty verdict for unlawful delivery of heroin with the guilty verdict for unlawful delivery of heroin within 1,000 feet of a school. *See State v. Rodriguez-Gomez*, 242 Or App 567, 568, 256 P3d 169 (2011) ("[T]he verdicts for delivery of methamphetamine and delivery of methamphetamine within 1,000 feet of a school should have merged into a single conviction."); *see State v. Villarreal*, 266 Or App 699, 700, 338 P3d 801 (2014) (the trial court's failure to merge guilty verdicts of unlawful delivery of cocaine with unlawful delivery of cocaine within 1,000 feet of a school was plain error); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (appellate court has discretion to review an unpreserved error of law that is apparent on the face of the record); ORAP 5.45(1) (an appellate court "may consider an error of law apparent on the record"). We agree, accept the state's concession, and, for the reasons expressed in *State v. Camacho-Alvarez*, conclude that it is appropriate to exercise our discretion to correct the error. 225 Or App 215, 217, 200 P3d 613 (2009) (reasons to correct plain error included: (1) the state did not dispute correction; (2) there is no perceivable tactical reason that defendant's trial counsel may have elected not to object to merger; (3) the burden on the judicial system in amending the judgment and resentencing defendant is minimal; and (4) the ends of justice are served by this disposition).

However, the state urges us to reverse and remand for entry of a corrected judgment that merges defendant's

convictions rather than to remand for resentencing. We should do so, the state asserts, because defendant received concurrent sentences on the two convictions and nothing in the judgment or record "suggests that merger of the two convictions would have any effect at all on the overall disposition" of the case. The state further argues that, because the error can be fixed by the trial court's entry of a corrected judgment, the error in question is not one that "requires resentencing" under ORS 138.222(5)(a).

The state's position is unavailing. This situation is controlled by ORS 138.222(5)(b), which provides that, "[i]f the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts."

Here, there is no dispute that all three of defendant's convictions are felony convictions, nor is there any dispute that two of defendant's felony convictions should have been merged (unlawful delivery of heroin and unlawful delivery of heroin within 1,000 feet of a school). Therefore, because we are reversing the judgment of conviction on two of defendant's felony counts, and affirming defendant's third felony conviction, ORS 138.222(5)(b) requires that we "*shall* remand the case to the trial court for resentencing on the affirmed count or counts." (Emphasis added.)

Our interpretation of the provisions of ORS 138.222(5) is consistent with prior readings of that statute. *See State v. Link*, 260 Or App 211, 217, 317 P3d 298 (2013) ("[A] remand for resentencing under ORS 138.222(5)(b) does not make a resentencing proceeding *optional* after some of the defendant's convictions have been reversed. Rather, the court must resentence the defendant, even if it ultimately decides to impose an identical sentence on remand.") (Citation omitted; emphasis in original.)); *see also State v. Rodvelt*, 187 Or App 128, 130, 66 P3d 577 (2003) (quoting ORS 138.222(5) (2003)); *id.* at 131 n 1 ("[T]he practice of our appellate courts has been to remand for merger of convictions and for resentencing when we determine that a court erroneously failed to merge convictions."); *Villarreal*, 266

Or App at 700 (reversing and remanding for resentencing after concluding that verdicts on two of defendant's felony charges should have merged while affirming a third felony conviction).[1]

The state's argument is predicated on the expectation that defendant will receive the same sentence on remand and that a remand for resentencing is consequently a waste of resources. As we have discussed before, however, we cannot necessarily know the exact ramifications for defendants in these circumstances. ORS 138.222(5) requires resentencing after one conviction is reversed because "felony sentencing under the guidelines is complex, and the way that one conviction is sentenced affects how the remaining convictions are classified on the sentencing guidelines grid for purposes of determining what sentences may be imposed on those convictions." *Rodvelt*, 187 Or App at 132 (citing ORS 138.222 (2003)). *See also State v. Gallegos*, 208 Or App 488, 489, 145 P3d 255 (2006) (disagreeing with the state's suggestion that "resentencing is not required because it is clear that the court * * * will impose the same sentence regardless of the number of convictions" and citing *Rodvelt* and ORS 138.222(5)).

Reversed and remanded with instructions to merge the guilty verdicts for unlawful delivery of heroin (Count 1) and unlawful delivery of heroin within 1,000 feet of a school (Count 2) into a single conviction for unlawful delivery of

---

[1] The state includes a string citation to several other cases for the proposition that, notwithstanding the plain language of ORS 138.222(5)(b), we should remand only for entry of a corrected judgment, not resentencing. The state develops no argument as to why any of those cases is on point here, and they do not support the state's position. *State v. Acremant*, 338 Or 302, 340, 108 P3d 1139 (2005), *cert den*, 546 US 1062 (2006), did not involve the reversal of any convictions; hence, ORS 138.222(5)(b) was not implicated. In *State v. Lassiter*, 244 Or App 327, 328, 267 P3d 854 (2011), the two crimes that should have merged were both misdemeanors, making ORS 138.222(5)(b) inapplicable ("[i]f the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts"). Both *State v. Todd*, 140 Or App 640, 915 P2d 1042 (1996), and *State v. Cherepanov*, 121 Or App 195, 853 P2d 324 (1993), were remands for resentencing to correct the terms of post-prison supervision; neither case involved the merger of offenses or the reversal of felony convictions. Finally, in *State v. Turner*, 211 Or App 96, 97, 153 P3d 134 (2007), contrary to the state's description of that case, we did remand for resentencing.

heroin within 1,000 feet of a school; remanded for resentencing; otherwise affirmed.