## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## YUSUF DAHIR SHEIKH-NUR,
*Defendant-Appellant.*

Washington County Circuit Court
C130331CR, C130849CR, C131055CR, D125301M;
A159054 (Control), A159055, A159056, A159057

398 P3d 472

Meredith Allen, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Yusuf Dahir Sheikh-Nur filed the supplemental brief *pro se.*

Peenesh H. Shah, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

**ARMSTRONG, P. J.**

Defendant appeals judgments in four consolidated cases—Washington County Case Nos. C130331CR, C130849CR, C131055CR, and D125301M—in which he was convicted of multiple sexual offenses committed against a series of victims, and of other crimes. He raises two assignments of error on appeal, both of which pertain to Case No. C130849CR.[1] In his second assignment of error, he contends that the trial court plainly erred in that case in failing to merge guilty verdicts for unlawful delivery of methamphetamine to a minor (Count 5) and unlawful delivery of methamphetamine (Count 6). The state concedes the error, and we agree. We also conclude that it is appropriate for us to exercise our discretion to correct the error. Accordingly, we reverse defendant's convictions on Counts 5 and 6 in Case No. C130849CR and remand for entry of a judgment of conviction for one count of unlawful delivery of methamphetamine to a minor. As we explain below, because that disposition also requires us to remand the case for resentencing under ORS 138.222(5)(b), we need not address defendant's first assignment of error, in which he contends that the trial court also plainly erred in failing to merge guilty verdicts for three counts of first-degree sexual abuse into a single conviction for that offense, a proposition that the state disputes. Instead, the trial court will have the opportunity to address that unpreserved issue in the first instance on remand. *See State v. Sauceda,* 236 Or App 358, 362, 239 P3d 996 (2010) (declining to address unpreserved argument that the trial court should have merged kidnapping convictions, where case had to be remanded for resentencing due to plain error in not merging burglary convictions, giving the trial court the opportunity to address the contested issue). Finally, we conclude that ORS 138.222(5)(b) requires resentencing of all of the convictions in the consolidated cases.

The facts relevant to the issues raised on appeal are few and undisputed. Defendant was charged, in four

---

[1] In a supplemental brief, defendant also raises three *pro se* assignments of error. We reject his first and third assignments of error, which relate to the sufficiency of the evidence as to certain of his convictions, without discussion. Because we are remanding for resentencing, we need not address his second assignment of error, in which he challenges the court's imposition of consecutive sentences.

separate charging instruments, with multiple sexual offenses involving a series of victims, as well as other crimes. Corresponding with the four charging instruments, the cases were assigned separate case numbers. On the state's motion, those cases were later consolidated under ORS 132.560(2), set out below, 285 Or App at 535, and the cases were tried together to the court. The court found defendant guilty of many of the charged offenses in each of the cases, including, as pertinent to defendant's assignments of error on appeal, three counts of first-degree sexual abuse, unlawful delivery of methamphetamine to a minor, and unlawful delivery of methamphetamine in Case No. C130849CR.[2] After a sentencing hearing, the court sentenced defendant in each of the consolidated cases, together with three other cases that had not been consolidated for trial, and entered a separate judgment in each case corresponding to the counts alleged in the respective charging instruments. Defendant separately appealed the judgments in the four consolidated cases, and the appeals were also consolidated.

On appeal, defendant contends in his second assignment of error that, in Case No. C130849CR, "[b]ecause Count 5, charging delivery of methamphetamine to a minor, and Count 6, charging delivery of methamphetamine, were based on the same act against the same victim, and Count 6 is a lesser[-]included offense of Count 5, the trial court should have entered a single conviction for the greater offense." He acknowledges that the error is unpreserved but contends that it is within our discretion to correct it as plain error. See ORAP 5.45(1); State v. Brown, 310 Or 347, 355, 800 P2d 259 (1990). As noted, the state concedes that the court plainly erred by entering separate convictions on those counts. We agree.

---

[2] Defendant was also convicted of the following offenses: (1) in Case No. C130849CR, an additional count of causing a person to ingest a controlled substance; (2) in Case No. C130331CR, attempted first-degree sexual abuse, first-degree rape, and two counts of first-degree sodomy; (3) in Case No. C131055CR, first-degree rape, third-degree rape, two counts each of first-degree sodomy and third-degree sodomy, first-degree sexual abuse, and using a child in a display of sexually explicit conduct; (4) in Case No. D125301M, third-degree sexual abuse. The court found defendant not guilty of other offenses, namely, four counts of first-degree kidnapping, attempted first-degree rape, attempted first-degree sodomy, and harassment. Two additional counts—for third-degree sexual abuse and harassment—were dismissed on the state's motion.

As defined by ORS 475.890,[3] unlawful delivery of methamphetamine to a minor is simply an enhanced version of unlawful delivery of methamphetamine; therefore, the court should have entered a single conviction for the former offense. Cf. *State v. Rodriguez-Gomez*, 242 Or App 567, 568, 256 P3d 169 (2011) (trial court plainly erred in failing to merge verdicts for delivery of methamphetamine and delivery of methamphetamine within 1,000 feet of a school). Accordingly, the state's concession is well-founded, and we accept it. Moreover, as in *Rodriguez-Gomez*, the relevant considerations weigh in favor of exercising our discretion to correct the error. Among other considerations, the presence of an additional conviction on defendant's criminal record "misstates the nature and extent of defendant's conduct"; furthermore, the state "has no interest in convicting a defendant twice for the same crime." *State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008).

Consequently, we reverse defendant's convictions on Counts 5 and 6 in Case No. C130849CR and remand for entry of a judgment of conviction for one count of unlawful delivery of methamphetamine to a minor. That disposition also requires a remand for resentencing under ORS 138.222(5)(b), which provides that, "[i]f the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts." *See State v. Skaggs*, 275 Or App 557, 560-61, 364 P3d 355 (2015), *rev den*, 359 Or 667 (2016) (holding that error in failing to merge guilty verdicts, because it involves the reversal of a conviction, is one that requires resentencing under ORS 138.222(5)(b)).[4]

---

[3] ORS 475.890 provides, in part:

"(1) Except as authorized by ORS 475.005 to 475.285 and 475.752 to 475.980, it is unlawful for any person to deliver methamphetamine.

"(2) Unlawful delivery of methamphetamine is a Class B felony.

"(3) Notwithstanding subsection (2) of this section, unlawful delivery of methamphetamine is a Class A felony if the delivery is to a person under 18 years of age."

[4] The state contends that *Skaggs* was wrongly decided because merger error does not involve the reversal of an adjudication of guilt and, therefore, is not the reversal of a *judgment of conviction* for purposes of requiring resentencing under

The remaining question involves the extent of the remand. That is, is resentencing on remand under ORS 138.222(5)(b) limited to a resentencing of the convictions reflected in the judgment in Case No. C130849CR? Or does the remand encompass all of the convictions in the four consolidated cases? Defendant contends that, because the four charging instruments were consolidated under ORS 132.560(2), and the court "sentenced the counts of conviction as a package," the consolidated cases become "the case" for resentencing purposes under ORS 138.222(5)(b). The state responds that each charging instrument, or at least each judgment, should be treated as a separate case for purposes of the statute, and resentencing is therefore limited to the counts disposed of in the judgment in which we reverse defendant's conviction—that is, Case No. C130849CR. We agree with defendant that, in the circumstances here, ORS 138.222(5)(b) contemplates resentencing of the four consolidated cases on remand.

The question turns on the meaning of ORS 138.222(5)(b), in particular, the statute's mandate that we "remand *the case* to the trial court for resentencing" when, in any case that involves a felony, we reverse a conviction on any count and affirm others. (Emphasis added.) It appears that neither we nor the Supreme Court has addressed that specific question.[5]

Before turning to the statute itself, we pause to examine the mechanism under which the cases here were "consolidated for trial." ORS 132.560 "sets out circumstances

---

ORS 138.222(5)(b). We recently rejected that argument in *State v. Silver*, 283 Or App 847, 391 P3d 926 (2017), and adhered to our decision in *Skaggs*. For the reasons explained in *Silver*, we reject the state's argument here as well.

[5] We have treated consolidated cases separately, on occasion, when remanding for resentencing on appeal. *See, e.g., State v. Zolotoff*, 250 Or App 376, 280 P3d 396, *rev den*, 352 Or 666 (2012) (*Zolotoff I*) (per curiam opinion concluding that trial court erred in failing to merge two convictions in one of two cases consolidated for trial and appeal, reversing the judgment in that case and remanding the case for resentencing, and affirming the other consolidated case). However, in doing that, we did not undertake a statutory analysis of ORS 138.222(5)(b), nor did any party suggest that the consolidated cases *should* be remanded for resentencing under ORS 138.222(5)(b), and we therefore did not discuss it. Rather, we simply noted that the defendant had not raised any assignments of error as to the other case that had been consolidated, and we therefore affirmed it. *See* 250 Or App at 377.

in which multiple charges may or are required to be tried together and, conversely, when they may or must be tried separately." *State v. Dewhitt*, 276 Or App 373, 379, 368 P3d 27, *rev den*, 359 Or 667 (2016) (internal quotation marks omitted). That statute provides:

"(1)   A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b)   Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A)   Of the same or similar character;

"(B)   Based on the same act or transaction; or

"(C)   Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(2)   *If two or more charging instruments are found in circumstances described in subsection (1)(b) of this section, the court may order them to be consolidated.*

"(3)   If it appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires.

"(4)   As used in this section, 'charging instrument' means any written instrument sufficient under the law to charge a person with an offense, and shall include, but not be limited to, grand jury indictments, informations, complaints and uniform traffic, game or boating complaints."

ORS 132.560 (emphasis added).

Here, after filing four separate charging instruments (which, as noted, were assigned four separate case numbers), the state, citing ORS 132.560(1) and (2), moved to consolidate the four cases "on the grounds that they are of the same or similar character, they are connected by a common scheme or plan and under OEC 404(3) evidence in C130849CR is relevant to C131055CR, C130331CR and

D125301M." The court granted the motion *pro forma*, apparently concluding, consistent with the state's motion, that the charging instruments met the requirements for permissive joinder in ORS 132.560(1)(b)(A) and (C). *See Dewhitt*, 276 Or App at 380 (permissive joinder of multiple offenses and of multiple charging instruments is allowed if "the charges meet any of the independently sufficient bases for joinder listed in ORS 132.560(1)(b)(A) to (C)"). In enacting those provisions, the legislature "intended to promote the goals of trial economy and judicial efficiency"; the 1989 revision to the joinder statute "was meant to reduce the occurrence of multiple trials for multiple related crimes committed by a single defendant—and to reduce costs and eliminate redundancies throughout the criminal justice process." *Id.* at 382.

With that in mind, we turn back to ORS 138.222(5)(b), which, again, provides:

> "If the appellate court, in *a case* involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand *the case* to the trial court for resentencing on the affirmed count or counts."

(Emphases added.)

Although the statute uses the singular form of the noun "case," nothing about that usage indicates that it is therefore correlated with a single charging instrument or case number. Nor is the dispute definitively resolved by looking to dictionary definitions of the term "case." *See Powerex Corp. v. Dept. of Rev.*, 357 Or 40, 61, 346 P3d 476 (2015) (when the legislature has not defined a word or a phrase and the word or phrase is a legal term of art, "we look to its established legal meaning as revealed by, for starters at least, legal dictionaries" (internal quotation marks omitted)). In legal parlance, "case" means "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity." *Black's Law Dictionary* 228 (8th edition 2004); *see also Webster's Third New Int'l Dictionary* 345 (unabridged ed 2002) (defining "case," as pertinent here, to mean "a set of circumstances constituting a problem : a matter for consideration or decision" or "the matters of fact or conditions involved in a suit : a suit or action in law or equity : CAUSE."). Thus, "the case,"

as used in ORS 138.222(5)(b), could be understood to refer to a charging instrument—that is, an "action" or "suit," *see* ORS 131.005(6) (defining "criminal action," for purposes of Oregon criminal procedure, as "an action at law by means of which a person is accused of the commission of a violation, misdemeanor or felony")—but it also could be understood to mean all of the charges decided by the court at one time—that is, a "proceeding," or "a matter for consideration or decision."[6]

The legislative history, however, resolves the dispute. Paragraph (b) of ORS 138.222(5) was added in 2005 with the enactment of House Bill (HB) 2224. *See* Or Laws 2005, ch 563, § 1. The bill was essentially intended to codify our interpretation of the prior version of the statute in *State v. Rodvelt*, 187 Or App 128, 66 P3d 577, *rev den*, 336 Or 17 (2003) (holding that reversal of a conviction based on merger error required resentencing under what is now ORS 138.222(5)(a)). *State v. Muyingo*, 225 Or App 156, 162 n 1, 200 P3d 601, *adh'd to as clarified on recons*, 226 Or App 327, 203 P3d 365, *rev den*, 346 Or 364 (2009) (so stating); *see also State v. Silver*, 283 Or App 847, 855, 391 P3d 962 (2017) (noting that the legislative history of HB 2224 (2005) is consistent with the understanding that the amendments proposed to codify *Rodvelt*—that is, "to preclude any judicial determination about the proper remedy" for merger error and, instead, "to statutorily *require* a remand whenever one of multiple convictions is reversed * * * so that whether to remand was no longer subject to an appellate panel's determination as to whether such errors 'require resentencing'" (emphasis in original)).[7]

---

[6] We also are not persuaded by the state's argument that "the case" must refer only to the counts reflected in a single judgment because of ORS 138.222(5)(b)'s use of the phrase "*the judgment* of conviction." (Emphasis added.) The statute plainly refers to "the judgment *of conviction*," not "the judgment *document*," and a single judgment document can, and often does, reflect various "judgments" of conviction. *See, e.g., Silver*, 283 Or App at 853, 854 (observing that "the phrase 'judgment of conviction' is often used in reference to the individual judicial determinations, embodied within a single judgment document, that are entered on guilty adjudications and serve as the basis for a sentence," noting that that understanding "is the more natural one" in the context of a sentencing statute and providing examples).

[7] Neither *Rodvelt* nor *State v. Fry*, 180 Or App 237, 42 P3d 369 (2002), another case cited as impetus for the bill, *see* Staff Measure Summary, House Committee on Judiciary, HB 2224 A; Staff Measure Summary, Senate Committee on Judiciary, HB 2224 B, involved cases that had been consolidated for trial.

Although in hearings on HB 2224 the legislature did not specifically focus on the question at issue here—that is, whether "the case" to be remanded for resentencing under the new provision was intended to include charges initially filed in separate charging instruments but later consolidated for trial—it appears to have understood that to be the case. In the first public hearing on the bill, Kelly Skye testified for the Oregon Criminal Defense Lawyers Association (OCDLA) in opposition to the bill. She asserted that the bill was impermissibly broad because it would allow convictions on charges that had been joined under permissive-joinder principles to be resentenced upon the reversal of a single conviction on appeal, whereas, if the charges had been tried separately, that would not occur, raising potential double-jeopardy and due-process concerns. Audio Recording, House Committee on Judiciary, Subcommittee on Criminal Law, HB 2224, Feb 1, 2005, at 26:52 (testimony of Kelly Skye, OCDLA), https://olis.leg.state.or.us (accessed Apr 11, 2017). Skye gave an example of 10 separate incidents of burglary, occurring on 10 separate days, in 10 different warehouses, but charged and tried together under Oregon's permissive-joinder rules because the crimes were similar in nature. *Id.* at 27:10. She testified that, in those circumstances, if, on appeal, the court reversed just one of the burglary convictions, *"this statute allows all ten of those incidents to go back in front of the trial court for resentencing.* And that's clearly inappropriate because, had they been tried separately, had the prosecutor not put them in the same charging instrument, they would not all have been able to go back to the trial court for resentencing."[8] *Id.* at 27:41 (emphasis added). The committee did not question that understanding of the bill, nor was that understanding refuted at any point during subsequent hearings or floor sessions on the bill.

In a later hearing before the Senate Committee on Judiciary, Peter Gartlan from the Office of Public Defense Services, also discussed the question "what is a case?" for

---

[8] Although Skye gave an example in which the different incidents were initially charged in one instrument, the same principle applies when the prosecutor charges them separately and later moves to consolidate the cases: Her point was that, under the bill as written, when counts are *tried* together, and the appellate court later reverses a conviction on one count, any conviction arising from the counts that were tried together with that one must be resentenced.

purposes of the bill. Audio Recording, Senate Committee on Judiciary, HB 2224, June 6, 2005, at 1:05:20 (testimony of Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services), https://olis.leg.state. or.us (accessed Apr 17, 2017). Gartlan explained that, under the law, a "case" should include only those offenses that arise in the "same criminal episode"—known as "mandatory joinder" of offenses. *Id.* at 1:05:49; Exhibit G, Senate Committee on Judiciary, HB 2224, June 6, 2005 (accompanying statement of Peter Gartlan). But, he explained, most counts that are tried together do not arise out of the same criminal episode but are joined for trial based on permissive joinder, for purposes of judicial efficiency and conservation of system-wide resources. *Id.* at 1:05:49; Exhibit G, Senate Committee on Judiciary, HB 2224, June 6, 2005 (statement of Peter Gartlan). He proposed similar narrowing language as OCDLA had suggested—*viz.*, a revision to the bill that would "clarify that re-sentencing on an affirmed count is appropriate only when the affirmed count was part of the same criminal episode as the reversed count." Exhibit G, Senate Committee on Judiciary, HB 2224, June 6, 2005 (statement of Peter Gartlan) (boldface omitted). An amendment to that effect was never offered, and the bill passed without that revision.

Although the witnesses did not explicitly address permissive joinder of charges as the result of consolidating separate charging instruments, ORS 132.560(2), as compared to the permissive joinder of charges in the original charging instrument, ORS 132.560(1), the legislature appears to have understood that all charges *tried* together would constitute "the case" for purposes of resentencing under the bill. In other words, the legislature understood, when it enacted ORS 138.222(5)(b), that the statute would require resentencing on remand of convictions on all charges tried together with a charge for which a conviction is reversed on appeal, including charges consolidated for trial after the initial filing of separate charging instruments.

That understanding of the statute also is consistent with the motive behind the requirement for resentencing of the case on remand under ORS 138.222(5)—that is, to

"safeguard the integrity of the trial court's sentencing *package*." *State v. Hagan*, 140 Or App 454, 457 n 4, 916 P2d 317 (1996) (internal quotation marks omitted; emphasis added).[9] Later, in *Rodvelt*, we held that resentencing was required under ORS 138.222(5) (2003) after reversal for failure to merge two guilty verdicts "because felony sentencing under the guidelines is complex, and the way that one conviction is sentenced affects how the remaining convictions are classified on the sentencing guidelines grid." 187 Or App at 132; *id.* at 135-36 (when one conviction in a multiple-conviction case is reversed, that reversal may affect the correctness of other sentences imposed in the case); *see also State v. Zolotoff*, 275 Or App 384, 394, 365 P3d 131 (2015) (*Zolotoff II*) ("[U]nder ORS 138.222(5), when an appellate court's decision affects part of a felony sentencing package—even by doing nothing more than requiring merger of two guilty verdicts—resentencing on *all* convictions that form part of that package is required on remand." (Emphasis in original.)); *State v. Link*, 260 Or App 211, 217, 317 P3d 298 (2013) (under ORS 138.222(5)(b), resentencing of all convictions is required, "even if [the trial court] ultimately decides to impose an identical sentence on remand"). The principle of preserving a sentencing "package" applies in this context as well—that is, when cases are filed separately but tried and sentenced together under the permissive-joinder statute. Accordingly, we remand all of the consolidated cases for resentencing.

In Case No. C130849CR, convictions on Counts 5 and 6 reversed and remanded for entry of a judgment of conviction for one count of unlawful delivery of methamphetamine to a minor; remanded for resentencing; otherwise affirmed. In Case Nos. C130331CR, C131055CR, and D125301M, remanded for resentencing; otherwise affirmed.

---

[9] In *Hagan*, and later in *Rodvelt*, we were analyzing the prior version of ORS 138.222(5), which provided, in part, "If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing." With the enactment of ORS 138.222(5)(b) in 2005, that provision is now codified as ORS 138.222(5)(a).