Submitted June 29; in Case No. 15CR18929, convictions for first-degree burglary and second-degree criminal mischief reversed and remanded, in Case No. 15CR28197, remanded for resentencing, otherwise affirmed August 23, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

REGENALD LEE BURNS,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CR18929, 15CR28197;
A160727 (Control), A160728

401 P3d 295

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Garrett, Presiding Judge, and Lagesen, Judge, and Edmonds, Senior Judge.

## PER CURIAM

After his cases were joined for trial, defendant was convicted of first-degree burglary, second-degree criminal mischief, and witness tampering. In this consolidated appeal, he argues that the trial court erred by instructing the jury that it could consider the victim's out-of-court statements to a 9-1-1 dispatcher and police officer as substantive evidence. The state concedes that the court erred in that regard, because the statements, which were not made under oath, were admissible only to impeach the victim's trial testimony and not as substantive evidence. However, the state argues that the error was harmless as to the conviction for witness tampering.

We agree with the state as to the concession and on the issue of harmlessness. Accordingly, we reverse and remand with regard to the convictions for first-degree burglary and second-degree criminal mischief, but we affirm the conviction for witness tampering. Although defendant also challenges his sentence on the conviction for witness tampering, we need not address those challenges because the entire case must be remanded for resentencing as a result of the reversal of the other convictions. *State v. Sheikh-Nur*, 285 Or App 529, 539, 398 P3d 472 (2017) ("[T]he legislature understood, when it enacted ORS 138.222(5)(b), that the statute would require resentencing on remand of convictions on all charges tried together with a charge for which a conviction is reversed on appeal, including charges consolidated for trial after the initial filing of separate charging instruments.").

In Case No. 15CR18929, convictions for first-degree burglary and second-degree criminal mischief reversed and remanded. In Case No. 15CR28197, remanded for resentencing; otherwise affirmed.