Submitted November 5; remanded for resentencing, otherwise affirmed
December 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDY KENT CLAY,
*Defendant-Appellant.*

Lane County Circuit Court
16CR56503; A173920

501 P3d 98

Bradley A. Cascagnette, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was initially convicted on two counts of first-degree sexual abuse, ORS 163.427, two counts of using a child in a display of sexually explicit conduct, ORS 163.670, and one count of third-degree sexual abuse, ORS 163.415. In his original appeal, he successfully argued that the trial court erred in failing to acquit him on the counts of using a child in a display of sexually explicit conduct, and this court reversed those two convictions and remanded for resentencing. *State v. Clay*, 301 Or App 599, 457 P3d 330 (2019). On resentencing, the trial court imposed consecutive sentences on the two convictions for first-degree sexual abuse and a concurrent sentence on the conviction for third-degree sexual abuse. Defendant again appeals. He argues that the trial court plainly erred in failing to merge the guilty verdicts on the two counts of first-degree sexual abuse, because they involved conduct during the same criminal episode against the same victim, and the violations were not separated "by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3). The state concedes the error because the record establishes that there was no pause between the acts that constituted the first-degree sexual abuse. On review of the record, we agree. We exercise discretion to correct the error for the reasons set forth in *State v. Sheikh-Nur*, 285 Or App 529, 533, 398 P3d 472, *rev den*, 361 Or 886 (2017).

Remanded for resentencing; otherwise affirmed.