Submitted May 11; judgment in Case No. 19CR20808 reversed and remanded for entry of judgment reflecting adjudication for a single count of first-degree sexual abuse, remanded for resentencing, otherwise affirmed; judgment in Case No. 19CR20814 affirmed June 8, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH R. NUNN,
*Defendant-Appellant.*

Washington County Circuit Court
19CR20808, 19CR20814;
A174723 (Control), A174724

511 P3d 90

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Judgment in Case No. 19CR20808 reversed and remanded for entry of judgment reflecting adjudication for a single count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed. Judgment in Case No. 19CR20814 affirmed.

## PER CURIAM

In this consolidated appeal, defendant appeals two judgments. In Case No. 19CR20814, defendant was found as guilty except for insanity of one count of aggravated harassment, ORS 166.070. In Case No. 19CR20808, defendant was found guilty except for insanity of one count of first-degree unlawful sexual penetration, ORS 163.411, two counts of first-degree sexual abuse, ORS 163.427, and one count of attempted first-degree rape, ORS 163.375; ORS 161.405. In both cases, the trial court ruled that defendant was competent to stand trial, and, after trial, defendant was placed under the jurisdiction of the Psychiatric Security Review Board.

On appeal, in his first assignment of error, which concerns both cases, defendant challenges the trial court's determination that defendant was competent to stand trial. We reject that assignment without discussion.

In his second assignment of error, which concerns only Case No. 19CR20808, defendant contends that the trial court plainly erred when it failed to merge the two guilty except for insanity verdicts for first-degree sexual abuse into a single adjudication of guilty except for insanity of first-degree sexual abuse. The state concedes that the trial court plainly erred. We agree with and accept the state's concession.

Further, we exercise our discretion to correct the error. We have exercised our discretion to correct a trial court's plain error in failing to merge verdicts in prior cases. *See, e.g.*, *State v. Sheikh-Nur*, 285 Or App 529, 533, 398 P3d 472, *rev den*, 361 Or 886 (2017) ("[T]he presence of an additional conviction on defendant's criminal record misstates the nature and extent of defendant's conduct." (Internal quotation marks omitted.)); *State v. Valladares-Juarez*, 219 Or App 561, 564-65, 184 P3d 1131 (2008) ("[W]e cannot identify any strategic reason that defendant may have had for not objecting to the entry of separate *** convictions."). Those same considerations persuade us to exercise our discretion in this case.

Judgment in Case No. 19CR20808 reversed and remanded for entry of judgment reflecting adjudication for a single count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed. Judgment in Case No. 19CR20814 affirmed.