Submitted May 9, affirmed June 15, 2022

In the Matter of J. J. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. N. A.,
*Appellant.*

Benton County Circuit Court
20JU06800; A177328

511 P3d 90

Matthew J. Donohue, Judge.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Father appeals from a judgment terminating his parental rights to J, who was almost two years old at the time of the trial, challenging the juvenile court's determination that he was an unfit parent within the meaning of ORS 419B.504 and that it was in the best interests of the child to terminate father's parental rights under ORS 419B.500. He contends that the juvenile court erred in determining that he was unfit because the Department of Human Services (DHS) did not provide sufficient evidence to satisfy the requirements for termination under ORS 419B.504. Specifically, father argues that DHS failed to prove that (1) he was engaged in criminal conduct that impaired his ability to parent; (2) he failed to learn the parenting skills sufficient to safely parent J, or that any lack of skills would be seriously detrimental to J; (3) his living situation was seriously detrimental to J; (4) he lacked a viable plan for J's return; (5) he demonstrated a lack of effort to adjust his circumstances or that he failed to make a lasting adjustment after reasonable efforts by DHS; and (6) J could not be integrated into his home within a reasonable time. Father further argues that the juvenile court erred in concluding that terminating his parental rights was in J's best interest because DHS did not identify particularized evidence or "factual circumstances demonstrating that adoption in particular would meet [J]'s permanency needs."

A discussion of the facts in this case would not benefit the bench, the bar, or the public. On *de novo* review, ORS 19.415(3)(a), we are persuaded by clear and convincing evidence that the legal standard for terminating father's parental rights is met, and that it is in J's best interests that father's parental rights be terminated.

Affirmed.