***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted October 27, 2021; in Case No. 18CR27535, Count 2 reversed, remanded for resentencing; otherwise affirmed; in Case No. 18CR07877, remanded for resentencing, otherwise affirmed July 27, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARL WAYNE MEIIER,
*Defendant-Appellant.*

Clackamas County Circuit Court
18CR07877, 18CR27535;
A172725 (Control), A172726

Douglas V. Van Dyk, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

In Case No. 18CR27535, Count 2 reversed; remanded for resentencing; otherwise affirmed. In Case No. 18CR07877, remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals his convictions in two cases that were consolidated for trial and on appeal. In the first, Case No. 18CR07877, he was convicted of first-degree sodomy, ORS 163.405, and three counts of first-degree sexual abuse, ORS 163.427, concerning victim M. In the second, Case No. 18CR27535, he was convicted of first-degree rape, ORS 163.375, first-degree sexual abuse, ORS 163.427, and third-degree sexual abuse, ORS 163.415, concerning victim R. On appeal, defendant argues that the trial court erred in granting the state's motion to consolidate the cases, in excluding under OEC 412 evidence that the child victims may have been sexually abused by others prior to the incidents at issue in these cases, and in denying his motion for judgment of acquittal on the first-degree sexual abuse count concerning victim R. With respect to the motion for judgment of acquittal, the state concedes that it did not adduce evidence to support the first-degree sexual abuse count with respect to victim R. As explained below, we accept the concession concerning the motion for judgment of acquittal but reject defendant's remaining arguments.

Turning first to the conceded issue, Count 2 in Case No. 18CR27535 alleged that defendant unlawfully and knowingly subjected R, a person under the age of 14, to sexual contact by touching her breast. The parties agree that the trial court, apparently having misremembered the testimony, erroneously concluded that there was evidence that defendant had touched R's breast as alleged in this count. Given that no evidence supported that count, we agree with the parties that that conviction must be reversed.

We turn next to defendant's argument that the trial court erred in granting the state's motion to consolidate the cases. The charges in the first case involved several incidents of abuse of M, a 10-year-old family member of defendant. After M came forward, her cousin, R, disclosed that defendant had sexually abused her some years earlier, when she had been 10 years old. Charges of similar offenses may be consolidated if the evidence of them is sufficiently simple and distinct to mitigate the dangers created by joinder, and substantial prejudice has not been established. *State v. Roelle*,

261 Or App 705, 708, 323 P3d 567, *rev den*, 356 Or 397 (2014). If, however, a defendant is substantially prejudiced by the joinder, the court may order separate trials. ORS 132.560. The party objecting to joinder bears the burden to demonstrate substantial prejudice and must "make a case-specific argument for why joinder will create substantial prejudice." *State v. Delaney,* 314 Or App 561, 568, 498 P3d 315 (2021) (citations omitted). Having reviewed the record, we conclude that defendant failed to make a sufficient case-specific argument in the trial court as to why joinder would create substantial prejudice under the circumstances presented here. The trial court did not err in consolidating the cases.

Defendant also argues that the trial court erred in excluding pursuant to OEC 412 evidence relating to both victims concerning prior sexual abuse by others. He asserted in the trial court that this evidence was relevant to prove motive or bias and was constitutionally required to be admitted despite the strictures of OEC 412. As defendant recognizes, however, the constitutional right is limited when the probative value of the evidence that the defendant seeks to elicit is substantially outweighed by the risk of prejudice, confusion, embarrassment, or delay. *State v. LeClair*, 83 Or App 121, 129, 730 P2d 609 (1986), *rev den*, 303 Or 74 (1987). The trial court concluded that the evidence at issue had low probative value, noting that defendant offered nothing to support the supposition that having been victimized in the past made it more likely that a victim was lying or mistaken about the present offenses. Having reviewed the record and counsel's arguments to the trial court, we conclude that the trial court correctly determined that the evidence defendant sought to elicit about past sexual abuse of the victims had low probative value and was not constitutionally required to be admitted, and that the court correctly excluded it under OEC 412.

Because the cases have been consolidated for trial and on appeal, in this circumstance, where we reverse a conviction in one of the cases, the appropriate disposition is to remand both cases for resentencing. *State v. Sheikh-Nur,* 285 Or App 529, 540, 398 P3d 472, *rev den,* 361 Or 886 (2017).

In Case No. 18CR27535, Count 2 reversed; remanded for resentencing; otherwise affirmed. In Case No. 18CR07877, remanded for resentencing; otherwise affirmed.